UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARK MOYAR, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:22-cv-00478 (TJK) |
| | * | |
| DEPARTMENT OF DEFENSE, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **PLAINTIFF'S MOTION TO STRIKE JONES DECLARATION**

NOW COMES Plaintiff Mark Moyar ("Moyar") to respectfully move the Court to strike the Declaration of Torrance Jones ("Declaration"), attached as Exhibit 8 to Defendants' Motion to Dismiss and Motion for Relief from Local Civil Rule 7(n) and filed as Dkt. #7-9 (filed June 23, 2022).

As explained in the following memorandum, which has been included in this Motion due to its short length, neither the Declaration nor the letter attached to it as Exhibit 1 may be properly considered by the Court in the context of a dispositive motion made under Rules 12(b)(1) and 12(b)(6) and must therefore be stricken from the record at this time. These materials cannot be considered in ruling on a Rule 12(b)(6) motion because they are neither incorporated into the complaint by reference nor integral to its allegations, and they cannot be considered in ruling on a Rule 12(b)(1) motion insofar as they are not based on the witness's personal knowledge. Moyar stipulates to the accuracy of the information in the last two paragraphs of page 1 and the third paragraph of page 2 of the Declaration, but not to the remainder of the declaration or its exhibit. However, as the stipulated information on page 1 is included in the Complaint and the stipulated information on page 2 is at best tangential to the issues in

controversy, Moyar maintains that the appropriate remedy is striking the entire Declaration and its exhibit. In the interest of clarity, Moyar respectfully further suggests that the Court should—in addition to striking the Declaration—also deny Defendants' motion without prejudice *sua sponte* and direct Defendants to refile a motion including only those arguments which can be made based on the complaint and the remaining exhibits. Such a ruling will avoid any future confusion about the issues properly before the Court regarding Defendants' motion.

Defendants oppose this Motion.[1] A proposed Order is attached to this Motion.

## Memorandum of Points and Authorities

Moyar has good cause to request this relief. Defendants will likely argue that they are allowed to rely on the Declaration because Moyar allegedly incorporated the information in it by reference. (*See* Defs.' Mem. of P. & A.  Supp. Defs.' Mot. Dismiss & Mot. Relief from LCvR 7(n), Dkt. #7-1, at 3 n.3 (filed June 22, 2022) (citing relevant case law).) They are also likely to argue that this information may be properly considered under Rule 12(b)(1) "to determine whether [the Court] has subject-matter jurisdiction over claims." (*See id.* (citing *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005)).) However, neither of these arguments are meritorious, for different reasons.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint, and a court's evaluation is thus generally limited to a review of the allegations of the complaint itself. A court may consider documents that are "explicitly incorporated into the complaint by reference," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), but may only

---

[1] Yesterday Moyar filed a motion to stay the current briefing of Defendants' dispositive motion pending the resolution of this Motion. In it he stated that his counsel was unable to ascertain Defendants' position on that motion. He can now inform the Court that Defendants take no position on that motion, and that they will be submitting a filing to that effect in the near future, which also requests a specific briefing schedule for this Motion to which the parties agreed.

consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint if the document is "integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). As far as what makes a document "integral to the complaint," it is generally accepted that it must possess "independent legal significance," *Smith v. Hogan*, 794 F.3d 249, 255 (2d Cir. 2015) (finding that document with "no independent legal significance to [plaintiff's] claim" was not integral to complaint), and be relied upon heavily by the plaintiff, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (explaining that a document is "integral to" a complaint when the complaint "relies heavily upon its terms and effect") (internal quotations omitted).

In this case, while Moyar is willing to accept that Defendants' other exhibits may legitimately be considered integral to his complaint, that cannot be said for a self-serving declaration containing information of which he was not aware until it was filed. He cannot be said to have relied heavily on the terms and effect of this information *that he did not know*, and in any case, the Declaration possesses no independent legal significance.

Moreover, "[t]he purpose for which [a] document is offered [in this context] is particularly important where the document is one prepared by or for the defendant" because "[s]uch unilateral documents may reflect the defendant's version of contested events or contain self-serving, exculpatory statements that are unlikely to have been adopted by the plaintiff." *Goines*, 822 F.3d at 168. If new information in a declaration prepared specifically for litigation is taken as true for a motion to dismiss, the result would be "contrary to the concept of notice pleading" and would "enable parties to hide behind untested, self-serving assertions." *Id.* (quoting *N. Ind. Gun & Outdoor Shows, Inc.*, 163 F.3d 449, 456 (7th Cir. 1998)). Therefore, this Declaration has no place supporting a motion filed under Rule 12(b)(6).

As far as Rule 12(b)(1) is concerned, the Declaration suffers from a different infirmity. As the declarant tacitly admits, he does not work in the office about which he is testifying and in fact is employed in a completely different *Directorate* (*see*, *e.g.*, Jones Decl., Dkt. #7-9, at 2 (filed June 23, 2022) ("While due process document requests are pending with DCSA FOIPA, *my Directorate* grants extensions of time." (emphasis added)), and he further admits that his testimony about that office is "[b]ased upon [his] information and belief" (*id.*). It is well-established that declarations offered in support of a Rule 12(b)(1) motion must be made on personal knowledge. *See*, *e.g.*, *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) (collecting cases). Accordingly, testimony based upon "information and belief" in such a declaration may not be considered by the Court in a Rule 12(b)(1) context. *See*, *e.g.*, *Johnson v. Lake Tahoe Partners*, No. 13-2534, 2014 U.S. Dist. LEXIS 77778, at *5 (E.D. Cal. June 5, 2014). Because the declarant does not have personal knowledge of the operations of the office about which he is testifying, he is not competent to testify about them, nor is he competent to authenticate a letter purportedly sent by them to another agency. Therefore, his Declaration and its accompanying exhibit must be stricken from the record.

## Conclusion

For the foregoing reasons, the Jones Declaration cannot be taken as true for the purposes of a Rule 12(b)(6) motion or accepted as extrinsic evidence for the purposes of a Rule 12(b)(1) motion, and it should accordingly be stricken because it is not properly before this Court.

Date:   August 24, 2022

                                    Respectfully submitted,

                                    /s/ Kelly B. McClanahan
Kelly B. McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908
Kel@NationalSecurityLaw.org
DC Bar. No. 984704

*Counsel for Plaintiff*