APPEAL,CLOSED,TYPE−C

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:22−cv−00478−TJK
### *Internal Use Only*

MOYAR v. DEPARTMENT OF DEFENSE et al  
Assigned to: Judge Timothy J. Kelly  
Cause: 05:702 Administrative Procedure Act  

Date Filed: 02/23/2022  
Date Terminated: 03/28/2023  
Jury Demand: None  
Nature of Suit: 890 Other Statutory Actions  
Jurisdiction: U.S. Government Defendant  

**Plaintiff**

**MARK MOYAR**    represented by    **Kelly Brian McClanahan**
NATIONAL SECURITY COUNSELORS
4702 Levada Terrace
Rockville, MD 20853
(301) 728−5908
Fax: (240) 681−2189
Email: kel@nationalsecuritylaw.org
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**DEPARTMENT OF DEFENSE**    represented by    **Sian Jones**
DOJ−USAO
601 D Street, NW
Washington, DC 20530
(202) 252−2578
Email: sian.jones@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT**    represented by    **Sian Jones**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/23/2022 | 1 | COMPLAINT against DEPARTMENT OF DEFENSE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT ( Filing fee $ 402 receipt number ADCDC−9062135) filed by MARK MOYAR. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons)(McClanahan, Kelly) (Entered: 02/23/2022) |

| | | |
|---|---|---|
| 02/25/2022 | | Case Assigned to Judge Timothy J. Kelly. (zsb) (Entered: 02/25/2022) |
| 02/28/2022 | 2 | SUMMONS (4) Issued Electronically as to DEPARTMENT OF DEFENSE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT., SUMMONS Issued Electronically as to DEPARTMENT OF DEFENSE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, U.S. Attorney and U.S. Attorney General (Attachment: # 1 Notice and Consent)(ztth) (Entered: 02/28/2022) |
| 03/02/2022 | 3 | STANDING ORDER. See Order for details. Signed by Judge Timothy J. Kelly on 03/02/2022. (lctjk2) (Entered: 03/02/2022) |
| 03/16/2022 | 4 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DEPARTMENT OF DEFENSE served on 3/14/2022; UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT served on 3/14/2022, RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 03/10/2022., RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 3/10/2022. ( Answer due for ALL FEDERAL DEFENDANTS by 5/9/2022.) (McClanahan, Kelly) (Entered: 03/16/2022) |
| 04/27/2022 | 5 | NOTICE of Appearance by Sian Jones on behalf of All Defendants (Jones, Sian) (Entered: 04/27/2022) |
| 05/02/2022 | 6 | MOTION for Extension of Time to *Respond to Complaint* by DEPARTMENT OF DEFENSE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT. (Attachments: # 1 Text of Proposed Order)(Jones, Sian) (Entered: 05/02/2022) |
| 05/03/2022 | | MINUTE ORDER treating as opposed and granting Defendants' 6 Motion for an Extension of Time to Respond to Complaint. It is hereby ORDERED, for good cause shown, that Defendants' 6 Motion is GRANTED. It is further ORDERED that Defendants shall answer or otherwise respond to Plaintiff's complaint by June 23, 2022. Signed by Judge Timothy J. Kelly on 05/03/2022. (lctjk2) (Entered: 05/03/2022) |
| 06/23/2022 | 7 | MOTION to Dismiss , MOTION for Order *Relief From LcvR 7(n)* by DEPARTMENT OF DEFENSE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT. (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Text of Proposed Order)(Jones, Sian) (Entered: 06/23/2022) |
| 07/15/2022 | 8 | Unopposed MOTION for Extension of Time to File Response/Reply as to 7 MOTION to Dismiss MOTION for Order *Relief From LcvR 7(n) (Nunc Pro Tunc)* by MARK MOYAR. (Attachments: # 1 Text of Proposed Order)(McClanahan, Kelly) (Entered: 07/15/2022) |
| 07/18/2022 | | MINUTE ORDER granting Plaintiff's 8 Unopposed *Nunc Pro Tunc* Motion for Enlargement of Time Within Which to File His Opposition to Defendants' Motion. It is hereby ORDERED, *nunc pro tunc* and for good cause shown, that Plaintiff's 8 Unopposed *Nunc Pro Tunc* Motion is GRANTED. It is further ORDERED that Plaintiff shall file a response to Defendants' 7 Motion by August 12, 2022, and Defendants shall file a reply, if any, by September 12, 2022. Signed by Judge Timothy J. Kelly on 07/18/2022. (lctjk2) (Entered: 07/18/2022) |

| | | |
|---|---|---|
| 08/12/2022 | 9 | Consent MOTION for Extension of Time to File Response/Reply as to 7 MOTION to Dismiss MOTION for Order *Relief From LcvR 7(n)* by MARK MOYAR. (Attachments: # 1 Text of Proposed Order)(McClanahan, Kelly) (Entered: 08/13/2022) |
| 08/14/2022 | | MINUTE ORDER granting Plaintiff's 9 Consent Motion for Enlargement of Time Within Which to File His Opposition to Defendants' Motion. It is hereby ORDERED, *nunc pro tunc* and for good cause shown, that Plaintiff's 9 Consent Motion is GRANTED. **VACATED PURSUANT TO MINUTE ORDER FILED 8/25/2022.....** ~~It is further ORDERED that Plaintiff shall file a response to Defendants' 7 Motion by August 26, 2022, and Defendants shall file a reply, if any, by September 28, 2022.~~ The parties are reminded that motions for extensions of time must "be filed at least **four days prior to the deadline** at issue." ECF No. 3 10. Signed by Judge Timothy J. Kelly on 08/14/2022. (lctjk2) Modified to vacate deadlines on 8/25/2022 (zkh). (Entered: 08/14/2022) |
| 08/23/2022 | 10 | MOTION to Stay re 7 MOTION to Dismiss MOTION for Order *Relief From LcvR 7(n)* by MARK MOYAR. (Attachments: # 1 Text of Proposed Order)(McClanahan, Kelly) (Entered: 08/23/2022) |
| 08/24/2022 | 11 | MOTION to Strike 7 MOTION to Dismiss MOTION for Order *Relief From LcvR 7(n) Exhibit 8* by MARK MOYAR. (Attachments: # 1 Text of Proposed Order)(McClanahan, Kelly) (Entered: 08/24/2022) |
| 08/25/2022 | 12 | Consent MOTION for Extension of Time to *File* by DEPARTMENT OF DEFENSE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT. (Attachments: # 1 Text of Proposed Order)(Jones, Sian) (Entered: 08/25/2022) |
| 08/25/2022 | 13 | NOTICE *of No Position* by DEPARTMENT OF DEFENSE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT re 10 Motion to Stay (Attachments: # 1 Text of Proposed Order)(Jones, Sian) (Entered: 08/25/2022) |
| 08/25/2022 | | MINUTE ORDER granting Plaintiff's 10 Motion to Stay Briefing of Defendants' Motion to Dismiss and granting Defendants' 12 Motion for an Extension of Time to Respond to Plaintiff's Motion to Strike. It is hereby ORDERED, for good cause shown, that Plaintiff's 10 Motion is GRANTED. It is further ORDERED that the deadlines for Plaintiff's response and Defendants' reply to Defendants' 7 Motion to Dismiss and Motion for Relief from Local Civil Rule 7(n) are VACATED. *See* Minute Order of August 14, 2022. It is also hereby ORDERED, for good cause shown, that Defendants' 12 Motion is GRANTED. It is further ORDERED that Defendants shall file their response to Plaintiff's 11 Motion to Strike by September 15, 2022; and Plaintiff shall file his reply, if any, by September 28, 2022. Signed by Judge Timothy J. Kelly on 08/25/2022. (lctjk2) (Entered: 08/25/2022) |
| 09/15/2022 | 14 | Memorandum in opposition to re 11 Motion to Strike filed by DEPARTMENT OF DEFENSE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT. (Jones, Sian) (Entered: 09/15/2022) |
| 09/29/2022 | 15 | Unopposed MOTION for Extension of Time to File Response/Reply as to 11 MOTION to Strike 7 MOTION to Dismiss MOTION for Order *Relief From LcvR 7(n) Exhibit 8* by MARK MOYAR. (Attachments: # 1 Text of Proposed Order)(McClanahan, Kelly) (Entered: 09/29/2022) |
| 09/30/2022 | | MINUTE ORDER granting Plaintiff's 15 Unopposed *Nunc Pro Tunc* Motion for Enlargement of Time Within Which to File His Reply in Support of His Motion to Strike. It is hereby ORDERED, *nunc pro tunc* and for excusable neglect shown, that |

| | | |
|---|---|---|
| | | Plaintiff's 15 Unopposed *Nunc Pro Tunc* Motion is GRANTED. It is further ORDERED that Plaintiff shall file his reply in support of his motion to strike by October 6, 2022. Signed by Judge Timothy J. Kelly on 09/30/2022. (lctjk2) (Entered: 09/30/2022) |
| 10/14/2022 | 16 | REPLY to opposition to motion re 11 MOTION to Strike 7 MOTION to Dismiss MOTION for Order *Relief From LcvR 7(n) Exhibit 8* filed by MARK MOYAR. (McClanahan, Kelly) (Entered: 10/14/2022) |
| 10/17/2022 | 17 | Unopposed MOTION for Extension of Time to File Response/Reply as to 11 MOTION to Strike 7 MOTION to Dismiss MOTION for Order *Relief From LcvR 7(n) Exhibit 8 (Nunc Pro Tunc)* by MARK MOYAR. (Attachments: # 1 Text of Proposed Order)(McClanahan, Kelly) (Entered: 10/17/2022) |
| 10/19/2022 | | MINUTE ORDER granting Plaintiff's 17 Unopposed *Nunc Pro Tunc* Motion For Enlargement Of Time Within Which To File His Reply In Support Of His 11 Motion To Strike. It is hereby ORDERED, *nunc pro tunc* and for good cause shown, that Plaintiff's 17 Unopposed Motion For Enlargement Of Time is GRANTED. It is further ORDERED that Plaintiff's 16 Reply In Support Of His Motion to Strike filed on October 14, 2022, is deemed timely filed. The parties are *again* reminded that motions for extensions of time must "be filed at least **four days prior to the deadline** at issue." ECF No. 3 &para 10; *see also* Minute Order of Aug. 14, 2022. Signed by Judge Timothy J. Kelly on 10/19/2022. (lctjk2) (Entered: 10/19/2022) |
| 10/24/2022 | | MINUTE ORDER denying Plaintiff's 11 Motion to Strike Jones Declaration. Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are drastic remedies that courts disfavor, and courts enjoy discretion to grant or deny them. *Riddick v. Holland*, 134 F. Supp. 3d 281, 285 (D.D.C. 2015). Pleadings that can be stricken under Rule 12(f) include those outlined in Rule 7(a), like complaints and answers, *see Henok v. Chase Home Fin., LLC*, 925 F. Supp. 2d 46, 52 (D.D.C. 2013), or documents filed in those pleadings' support, *see Jud. Watch, Inc. v. U.S. Dep't of Com.*, 224 F.R.D. 261, 263 (D.D.C. 2004). But "'motions, affidavits, briefs and other documents [are] outside of the pleadings' and are not subject to being stricken." *Henok*, 925 F. Supp. 2d at 5253 (citation omitted). Thus, declarations filed in support of motions also cannot be stricken under Rule 12(f). *See, e.g.*, *Shaw v. District of Columbia*, No. 17–cv–738 (DLF/RMM), 2018 WL 5044248, at *2 (D.D.C. Sept. 11, 2018); *Meyer v. Panera Bread Co.*, No. 17–cv–2565 (EGS/GMH), 2018 WL 5017747, at *3 (D.D.C. Oct. 16, 2018). Here, Plaintiff moves to strike the Jones Declaration, *see* ECF No. 7–9, included as an exhibit to Defendants' 7 Motion to Dismiss. But as explained above, that document may not be stricken under Rule 12(f). Accordingly, it is hereby ORDERED that Plaintiff's 11 Motion to Strike is denied. It is further ORDERED that Plaintiff shall file his opposition to Defendants' 7 Motion to Dismiss by November 7, 2022, and Defendants shall file their reply by November 14, 2022. Signed by Judge Timothy J. Kelly on 10/24/2022. (lctjk2) (Entered: 10/24/2022) |
| 11/14/2022 | | MINUTE ORDER: Plaintiff filed the 1 Complaint against Defendants on February 23, 2022. Defendants then filed their 7 Motion to Dismiss on June 23, 2022. Per this Court's Minute Order of October 24, 2022, Plaintiff's opposition to the 7 Motion to Dismiss was due on November 7, 2022. As of November 14, 2022, Plaintiff has not filed any opposition to Defendants' 7 Motion, nor has he shown good cause and requested an extension to do so. Under Local Civil Rule 7(b), "an opposing party shall |

| | | |
|---|---|---|
| | | serve and file a memorandum of points and authorities in opposition" to a motion "[w]ithin 14 days of the date of service or at such other time as the Court may direct.... If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." LCvR 7(b). Accordingly, it is hereby ORDERED that Plaintiff shall show cause, by November 28, 2022, why the Court should not grant Defendants' 7 Motion as conceded and dismiss the case. Signed by Judge Timothy J. Kelly on 11/14/2022. (lctjk2) (Entered: 11/14/2022) |
| 11/15/2022 | 18 | Unopposed MOTION for Extension of Time to File Response/Reply as to 7 MOTION to Dismiss MOTION for Order *Relief From LcvR 7(n)* by MARK MOYAR. (Attachments: # 1 Text of Proposed Order)(McClanahan, Kelly) (Entered: 11/15/2022) |
| 11/16/2022 | | Minute Order granting Plaintiff's 18 Unopposed *Nunc Pro Tunc* Motion For Enlargement Of Time Within Which To File His Opposition To Defendants' 7 Motion To Dismiss And Motion For Relief From Local Civil Rule 7(n). It is hereby ORDERED, *nunc pro tunc* to November 7, 2022, and for excusable neglect shown, that Plaintiff's 18 Motion is granted. It is further ORDERED that Plaintiff shall file his opposition to Defendants' 7 Motion to Dismiss and Motion for Relief From Rule 7(n), by November 23, 2022, and that Defendants shall file their reply by December 15, 2022. Upon consideration of Plaintiff's 18 Motion, it is further ORDERED that this Court's show cause order is DISCHARGED. Signed by Judge Timothy J. Kelly on 11/16/2022. (lctjk2) (Entered: 11/16/2022) |
| 11/24/2022 | 19 | Memorandum in opposition to re 7 Motion to Dismiss,,, Motion for Order,, filed by MARK MOYAR. (Attachments: # 1 Exhibit A – Redacted SOCOM letter, # 2 Exhibit B – SOCOM referral, # 3 Exhibit C – WHS interim response, # 4 Exhibit D – DOPSR denial, # 5 Exhibit E – DITMAC response, # 6 Exhibit F – Clark–McClanahan email, # 7 Text of Proposed Order)(McClanahan, Kelly) (Entered: 11/24/2022) |
| 11/28/2022 | 20 | Consent MOTION for Extension of Time to File Response/Reply as to 7 MOTION to Dismiss MOTION for Order *Relief From LcvR 7(n) (Nunc Pro Tunc)* by MARK MOYAR. (Attachments: # 1 Text of Proposed Order)(McClanahan, Kelly) (Entered: 11/28/2022) |
| 11/28/2022 | | MINUTE ORDER granting Plaintiff's 20 Consent *Nunc Pro Tunc* Motion For Enlargement Of Time Within Which To File His Opposition to Defendants' 7 Motion To Dismiss And Motion For Relief From Local Civil Rule 7(n). It is hereby ORDERED, *nunc pro tunc* to November 23, 2022, and for excusable neglect shown, that Plaintiff's 20 Consent Motion For Enlargement Of Time is GRANTED. Signed by Judge Timothy J. Kelly on 11/28/2022. (lctjk2) (Entered: 11/28/2022) |
| 12/09/2022 | 21 | Consent MOTION for Extension of Time to *FIle* by DEPARTMENT OF DEFENSE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT. (Attachments: # 1 Text of Proposed Order)(Jones, Sian) (Entered: 12/09/2022) |
| 12/10/2022 | | MINUTE ORDER granting Defendants' 21 Consent Motion For An Extension Of Time To File Reply. It is hereby ORDERED, for good cause shown, that Defendants' 21 Consent Motion is GRANTED. It is further ORDERED that Defendants shall file their reply in support of their 7 Motion To Dismiss And Motion For Relief From Local Civil Rule 7(n) by January 11, 2023. Signed by Judge Timothy J. Kelly on 12/10/2022. (lctjk2) (Entered: 12/10/2022) |
| 01/11/2023 | 22 | REPLY to opposition to motion re 7 MOTION to Dismiss MOTION for Order *Relief From LcvR 7(n)* filed by DEPARTMENT OF DEFENSE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT. (Jones, Sian) (Entered: |

| | | |
|---|---|---|
| | | 01/11/2023) |
| 03/28/2023 | 23 | ORDER granting Defendants' 7 Motion to Dismiss and Motion for Relief from Local Civil Rule 7(n). See Order for details. Signed by Judge Timothy J. Kelly on 3/28/2023. (lctjk2) (Entered: 03/28/2023) |
| 03/28/2023 | 24 | MEMORANDUM OPINION in support of 23 Order granting Defendants' 7 Motion to Dismiss and Motion for Relief from Local Civil Rule 7(n). Signed by Judge Timothy J. Kelly on 3/28/2023. (lctjk2) (Entered: 03/28/2023) |
| 04/21/2023 | 25 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to Order on Motion to Strike,,,,,,,, Set/Reset Deadlines,,,,,,, 23 Order on Motion to Dismiss, Order on Motion for Order by MARK MOYAR. Filing fee $ 505, receipt number ADCDC–10017082. Fee Status: Fee Paid. Parties have been notified. (McClanahan, Kelly) (Entered: 04/21/2023) |

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

333 Constitution Avenue, NW
Washington, DC 20001-2866
Phone: 202-216-7000 | Facsimile: 202-219-8530

Plaintiff: **Moyar**

vs.   Civil Action No. **22-478 (TJK)**

Defendant: **DOD**

**CIVIL NOTICE OF APPEAL**

Notice is hereby given this  21  day of   April    20 23 , that

Mark Moyar

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the

judgement of this court entered on the  28  day of   March   , 20 23 , in

favor of Defendants

against said Plaintiff

Kelly B. McClanahan
Attorney or Pro Se Litigant

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

USCA Form 13
August 2009 (REVISED)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK MOYAR,

    *Plaintiff*,

v.

DEPARTMENT OF DEFENSE, et al.,

    *Defendants*.

Civil Action No. 22-478 (TJK)

### ORDER

For the reasons set forth in the Court's accompanying Memorandum Opinion, it is hereby **ORDERED** that Defendants' Motion to Dismiss and Motion for Relief from Local Civil Rule 7(n), ECF No. 7, is **GRANTED**. Plaintiff's Complaint, ECF No. 1, is hereby **DISMISSED WITH PREJUDICE**. This is a final, appealable Order. The Clerk of Court is directed to close the case.

    **SO ORDERED.**

                                              /s/ Timothy J. Kelly
                                              TIMOTHY J. KELLY
                                              United States District Judge

Date: March 28, 2023

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK MOYAR,

    *Plaintiff*,

v.

DEPARTMENT OF DEFENSE, et al.,

    *Defendants*.

Civil Action No. 22-478 (TJK)

**MEMORANDUM OPINION**

    Mark Moyar sues his former employers, the Department of Defense and the United States Agency for International Development, for violating Executive Order 12,968 by failing to turn over certain documents related to the suspension of his security clearance. Defendants move both to dismiss and for relief from Local Civil Rule 7(n). For the reasons explained below, the Court will grant both motions and dismiss the case.

**I.    Background**

    In April 2016, Moyar, who held a security clearance through the Department of Defense ("DOD"), submitted a book manuscript for prepublication review to the Defense Office of Prepublication and Security Review ("DOPSR") within DOD. ECF No. 1 ("Compl.") ¶¶ 5, 11. In April 2017, before that review was complete, Moyar published the book. *Id.* ¶ 12.

    In February 2018, Moyar joined the United States Agency for International Development ("USAID"). Compl. ¶ 13. He began as a senior advisor and held a DOD-granted security clearance in connection with that position. *Id.* ¶¶ 13, 15. He was then appointed as Director of USAID's Office of Civilian-Military Cooperation. *Id.* ¶ 14. A year into his tenure, however, DOD's Special Operations Command ("SOCOM") informed USAID that Moyar's book contained

1

classified information, as revealed by a post-publication review. *Id.* ¶¶ 5, 16. USAID therefore "suspended" his clearance in June 2019. *Id.* ¶ 18; ECF No. 7-3 (USAID's suspension letter).[1] USAID told Moyar that his political appointment would be terminated too, but to avoid that outcome, USAID permitted him to resign instead. Compl. ¶ 19.

Moyar obtained another security clearance in July 2020 through a private-contractor sponsorship. Compl. ¶¶ 21–22. In December 2020, he was appointed as a deputy assistant secretary of defense—but then the Defense Counterintelligence Security Agency ("DCSA") "immediately" revoked his clearance based on the earlier allegations that he had published classified information. *Id.* ¶¶ 23–27; *see* ECF No. 7-6 at 2 & ECF No. 7-7 at 2 (DCSA's revocation letters noting this was only a "preliminary decision"). Once President Biden took office, and before Moyar could challenge that revocation, Moyar's political appointment as a deputy assistant secretary was terminated. Compl. ¶¶ 28–29. Shortly after he left DOD, the same private contractor sponsored Moyar for a security clearance once more. *Id.* ¶ 30. This time, DCSA denied his application based on the earlier allegations that Moyar had published classified information. *Id.* ¶ 33; ECF No. 7-8 at 3, 5 (DCSA's application-denial letter noting this was only a "preliminary determination"). In the December 2021 denial letter, DCSA provided instructions to Moyar for requesting a "copy of the report of the investigation compiled by the [DCSA]." Compl. ¶ 34; *see* ECF No. 7-8 at 4.

---

[1] The complaint quotes or incorporates by reference USAID's June 2019 suspension letter, Compl. ¶ 18, as well as the below-mentioned Defense Counterintelligence Security Agency's two "revocation letter[s]," *id.* ¶¶ 23–25, its "December 2021 [application-denial] letter," *id.* ¶ 34, and USAID's January 2022 request-denial letter, *id.* ¶ 39. *See* ECF Nos. 7-3, 7-6, 7-7, 7-8, 7-5. Thus, the Court may consider these materials at this stage. *See Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002).

2

Moyar then requested relevant documents from DCSA as well as USAID. Compl. ¶ 35. DCSA provided only the information it had "created" but not information created by other DOD components or USAID. *Id.* ¶ 38. And USAID refused, explaining to him that his resignation at USAID precluded him from requesting the documents at issue. *See id.* ¶ 39; *see* ECF No. 7-5 (USAID's January 2022 request-denial letter). Moyar also sought documentation-request forms from DCSA that would allow him to request documents from DOD components that he suspects had been involved with the post-publication review: SOCOM, DOPSR, and the DOD Insider Threat Management and Analysis Center. *Id.* ¶¶ 36, 37. DCSA refused these requests. *Id.* And separately, Moyar pursued various requests under the Freedom of Information Act and Privacy Act. *Id.* ¶ 40. Still, he has not received the information sought: "information identifying the classified information he is alleged to have published or the post-publication review which is alleged to have been performed." *Id.* ¶ 40.

After Moyar was rebuffed by the agencies, he sued. All three claims in his complaint turn on his view that Executive Order 12,968, 60 Fed. Reg. 40,245 (1998), entitles him to the information he seeks. The first two claims, against DOD and USAID, allege that those agencies failed to provide the documents at issue in violation of the Executive Order, an action "contrary to law" under the Administrative Procedure Act ("APA"). *See* Compl. ¶¶ 43–56. The third claim against DOD alleges that it failed to "authorize documentation requests" in violation of the Executive Order, which he also maintains is "contrary to law." *See id.* ¶¶ 57–67.[2] For relief, he seeks an order that DOD and USAID turn over the documents and issue the request paperwork to which he believes he is entitled under Executive Order 12,968. *Id.* ¶¶ 49, 56, 67.

---

[2] Moyar does not challenge USAID's suspension of his security clearance, DCSA's revocation of his security clearance, or DCSA's later denial of his security-clearance application.

3

Defendants move to dismiss Moyar's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and for relief under Local Civil Rule 7(n).

**II.     Legal Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "presents a threshold challenge to the court's jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). As federal courts are courts of limited jurisdiction, it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Thus, when faced with a motion to dismiss under Rule 12(b)(1), "the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence." *Moran v. U.S. Capitol Police Bd.*, 820 F.Supp.2d 48, 53 (D.D.C. 2011) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). In reviewing such a motion, the Court is not limited to the allegations in the complaint and may consider materials outside the pleadings but must "accept all of the factual allegations in [the] complaint as true." *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253–55 (D.C. Cir. 2005) (alteration in original) (quoting *United States v. Gaubert*, 499 U.S. 315, 327 (1991)).

A complaint must be dismissed under Rule 12(b)(6) when it "fail[s] to state a claim upon which relief can be granted." "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Though "a court must accept as true all of the allegations contained in a complaint," "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A court may "consider the facts alleged in the complaint, documents attached as exhibits or

incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt*, 226 F. Supp. 2d at 196.

## III. Analysis

The Court has subject-matter jurisdiction over this matter, but Moyar has failed to state a claim. Although Defendants seek dismissal on jurisdictional grounds because the agencies have purportedly not taken final agency action, that does not implicate the Court's subject-matter jurisdiction. But for Moyar to have stated a claim, even accepting as true all the allegations in the complaint, he must plausibly allege entitlement to the documents he seeks under Executive Order 12,968. The problem for Moyar is that neither USAID nor DCSA "determined" that he did "not meet the standards for access to classified information" under the order, a necessary predicate for his claim to the documents. *See* 60 Fed. Reg. at 40,252. Thus, the Court will grant Defendants' motion to dismiss for failure to state a claim.[3]

### A.   The Court has Subject-Matter Jurisdiction

Defendants argue that the Court lacks subject-matter jurisdiction "because [Moyar] has not identified a final agency action for review." *See* ECF No. 22 at 6. Defendants are wrong. True, the Court's "authority to review the conduct of an administrative agency is limited to cases challenging 'final agency action.'" *Reliable Automatic Sprinkler Co. v. Consumer Prod. Safety Comm'n*, 324 F.3d 726, 731 (D.C. Cir. 2003) (quoting 5 U.S.C. § 704). But the D.C. Circuit has held that "where 'judicial review is sought under the APA rather than a particular statute prescribing judicial review, the requirement of final agency action is not jurisdictional.'" *Trudeau v. FTC*, 456 F.3d 178, 184

---

[3] The Court will also grant Defendants' motion for relief from Local Civil Rule 7(n) because the "administrative record is not necessary for the [Court's] decision regarding [the] motion to dismiss." *Connecticut v. U.S. Dep't of the Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018) (cleaned up).

5

(D.C. Cir. 2006) (citation omitted).  Thus, the Court has subject-matter jurisdiction over Moyar's claims, and it will assume, without deciding, that he has alleged reviewable final agency action in the form of USAID's and DCSA's decisions that he is not entitled to documents or documentation-request paperwork under Executive Order 12,968.  *See e.g.*, *id.* at 191 ("assuming [the agency's action] satisfied the requirement of § 704" because "[w]hether a cause of action exists is not a question of jurisdiction, and may be assumed without being decided" (quoting *Air Courier Conf. of Am. v. Am. Postal Workers Union AFL-CIO*, 498 U.S. 517, 523 n.3 (1991)); *see also Impro Prod., Inc. v. Block*, 722 F.2d 845, 846 (D.C. Cir. 1983) (similar).[4]

### B.     Moyar Has Failed to State a Claim

With the Court's subject-matter jurisdiction resolved, it can turn to the issue of whether Moyar has stated a claim.  All his claims turn on his allegation that Defendants' actions were "arbitrary, capricious, an abuse of discretion, or otherwise contrary to law" because they violated Section 5.2(a)(2) of Executive Order 12,968.  Compl. ¶¶ 46, 52–53, 60; *see* 5 U.S.C. § 706(2)(A).  But even accepting his claims as true, he has not plausibly alleged that Defendants violated Section 5.2(a)(2) because they did not "determine[]" that he did "not meet the standards for access to classified information."  *See* 60 Fed. Reg. at 40,252.

---

[4] The Court also assumes that the APA is an appropriate vehicle to seek judicial review over alleged violations of Executive Order 12,968—although there are good reasons to think otherwise. For one thing, the order itself states that it does not "create any right to administrative or judicial review."  60 Fed. Reg. at 40,254.  For another, the order is "intended only to improve the internal management of the executive branch," *id.*, leading courts to read it to "bar[] a court from reviewing agency compliance with" it, *Romero v. DOD*, 527 F.3d 1324, 1330 n.1 (Fed. Cir. 2008); *cf. Meyer v. Bush*, 981 F.2d 1288, 1296 n.8 (D.C. Cir. 1993) ("An Executive Order devoted solely to the internal management of the executive branch—and one which does not create any private rights—is not . . . subject to judicial review.").

Section 5.2(a)(2) provides that "[a]pplicants and employees who are determined to not meet the standards for access to classified information established in section 3.1 of this order shall be" provided, if requested, the documentation "upon which a denial or revocation is based." 60 Fed. Reg. at 40,252. Thus, for Moyar to be entitled to the information he requested, USAID or DCSA needed to have "determined" that he did "not meet the standards for access to classified information." *See id.* As explained below, Defendants' actions do not fit the bill because they were only initial or preliminary steps toward that possible result.

First, Executive Order 12,968 provides some clues as to what it means to "determine[]" that an individual does "not meet the standards for access to classified information." Section 3.1(b) states that a "determination of eligibility" is a "decision based on judgments by . . . adjudicative personnel." 60 Fed. Reg. at 40,250. And under that section, "eligibility for access to classified information shall be granted only to employees . . . for whom an appropriate investigation has been completed and whose personal and professional history affirmatively indicates loyalty to the United States, strength of character, trustworthiness, honesty, reliability, discretion, and sound judgment, as well as freedom from conflicting allegiances and potential for coercion, and willingness and ability to abide by regulations governing the use, handling, and protection of classified information." *Id.*; *see also, e.g.*, ECF No. 7-6 at 16 & ECF No. 7-7 at 19 (outlining the "National Security Adjudicative Guidelines for Determining Eligibility for Access to Classified Information or Eligibility to Hold a Sensitive Position," which are the guidelines that "shall be used by all Executive Branch Agencies when rendering a final national security eligibility determination"). And, under Section 5.2(a)(6), when an individual's eligibility is so "determined," that person must be "provided an opportunity to appeal in writing to a high level panel." 60 Fed. Reg. at 40,252. Thus, for an individual's eligibility for access to classified information to be

7

"determined," it must derive from an investigation and adjudication, and the individual must be offered a chance to appeal. And all of *that* suggests that such a determination is final, rather than initial or preliminary.

Second, the plain meaning of the words "determination" and "determine" reinforce that conclusion. Both standard and legal dictionaries make clear that the words mean a final decision, not an initial or preliminary one. *See* Webster's Third New International Dictionary 616 (2002) (defining "determination" as "the settling and *ending* of a controversy"; "conclusion"; "the act of deciding *definitely* and firmly" (emphases added)); *id.* (defining "determine" as "to fix conclusively or authoritatively" or "to come to a decision concerning as the result of investigation or reasoning"); *Determination*, Black's Law Dictionary (11th ed. 2019) (defining as the "act of deciding something officially; esp. a *final* decision by a court or administrative agency," and distinguishing "determination" from an "initial determination" (emphasis added)).

Thus, Moyar has failed to state a claim because his security-clearance status was never "determined" by either USAID or DCSA. In the case of USAID, Moyar resigned before any investigation and adjudication were completed. *See* Compl. ¶ 19. USAID only "suspended" Moyar's clearance. *Id.* ¶ 18. And in an accompanying letter, USAID clarified that it "*will* initiate a background investigation" and the resulting information "*will* be adjudicated" according to the National Security Adjudicative Guidelines and other sources "to assess [Moyar's] *continued* eligibility to hold a security clearance." ECF No. 7-3 at 2 (emphases added); *see* Compl. ¶ 18. But Moyar resigned, and so USAID's investigation and adjudication never happened. Compl. ¶ 19. As USAID later explained to Moyar's counsel:

> As you are aware, your client resigned from USAID before a final determination was made regarding his access to classified information. Accordingly, the Agency never made a final decision regarding denial or revocation. Therefore the provisions of section 5.2 of EO 12968 do not apply.

8

Compl. ¶ 39; ECF No. 7-5 at 2.

Nor did DCSA "determine[]" Moyar's eligibility for access classified information. In December 2020 and January 2021, DCSA made only a "preliminary decision" on the matter, stating its "[i]ntent" to revoke Moyar's access to classified information. *See* ECF No. 7-6 at 2 & ECF No. 7-7 at 2 (emphasis added). Pending Moyar's response and further process, that decision could have "*become a* final security determination," ECF No. 7-6 at 3 & ECF No. 7-7 at 6 (emphasis added), but it never did, because Moyar's job ended with the change in administrations, Compl. ¶¶ 28–29, 31. Then, in December 2021, DCSA made a "preliminary determination" to deny Moyar's new security-clearance application, informing him that his case "will be submitted to an Administrative Judge for a determination as to whether or not to grant, deny, or revoke [his] security clearance," which would be the "final determination." ECF No. 7-8 at 3, 5.[5] As of the complaint's filing, that process remained ongoing. Compl. ¶ 42; ECF No. 7 at 11.[6]

Because Moyar has failed to allege that his eligibility for access to classified information was ever determined under Executive Order 12,968, he has failed to allege he is entitled to any documents or documentation requests "upon which a denial or revocation is based" under Executive Order 12,968. *See* 60 Fed. Reg. at 40,252. And as a result, Defendants could not have acted contrary to law in declining to provide Moyar with such documentation. Thus, Moyar has

---

[5] *See also* DOD Directive 5220.6, Encl. 3 ¶¶ E3.1.7, E3.1.8 (Jan. 2, 1992) ("If the applicant has not requested a hearing . . . , the case shall be assigned to the Administrative Judge for a clearance decision based on the written record."; "If a hearing is requested by the applicant or Department Counsel, the case shall be assigned to the Administrative Judge for a clearance decision based on the hearing record.").

[6] SOCOM's finding, in the post-publication review context, that Moyar's book contained classified information, Compl. ¶ 16, has nothing to do with whether USAID or DCSA later determined Moyar's eligibility to access classified information under Executive Order 12,968.

9

failed to state a claim under the APA. His failure to allege any violation of Executive Order 12,968 also means he is not entitled to the relief he seeks under the Mandamus Act, Declaratory Judgment Act, or All Writs Act.[7]  *See* Compl. ¶¶ 49, 56, 67.

Thus, the Court will grant Defendants' motion to dismiss. Further, because new factual allegations cannot cure the deficiencies in his complaint, the Court's dismissal will be with prejudice. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996).[8]

---

[7] "To show entitlement to mandamus, plaintiffs must demonstrate (1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate alternative remedy exists." *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016); *see* 28 U.S.C. § 1361. That Moyar has failed to allege any agency action contrary to law, necessarily means he also fails to allege Defendants violated a clear duty to act as required for mandamus relief. As for the Declaratory Judgment Act and All Writs Act, Moyar concedes that they do not save his claims if the "Court agree[s] with [Defendants] on the APA and mandamus issues," as the Court does. ECF No. 19 at 12 n.9; *see also C&E Servs., Inc. of Washington v. D.C. Water & Sewer Auth.*, 310 F.3d 197, 201 (D.C. Cir. 2002) (The "availability of [declaratory] relief presupposes the existence of a judicially remediable right." (quoting *Schilling v. Rogers*, 363 U.S. 666, 677 (1960))); *Fresno Cmty. Hosp. & Med. Ctr. v. Cochran*, 987 F.3d 158, 163 (D.C. Cir. 2021) ("[M]andamus [under the All Writs Act] is proper only when there is . . . a 'clear and indisputable' right to relief." (citation omitted)).

[8] Moyar's filings do not suggest that any amendment to the complaint could cure the deficiencies identified by the Court. Indeed, he concedes that he "never alleged" that USAID or DSCSA "[made] a final decision regarding [his] clearance." ECF No. 19 at 8. He also acknowledges that his resignation at USAID "indefinitely delay[ed] a final adjudication of his clearance issues." *Id.* at 3. He instead asks the Court to give him leave to "file an amended complaint citing to agency regulations" instead of Executive Order 12,968. ECF No. 19 at 8 n.5. But he has identified no regulations that would save his claim, nor is it clear how they could do so.

10

## IV. Conclusion

For the above reasons, the Court will grant Defendants' motion to dismiss for failure to state a claim and for relief from Local Civil Rule 7(n).  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: March 28, 2023