UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK MOYAR,<br><br>*Plaintiff*<br><br>v.<br><br>DEPARTMENT OF DEFENSE, *et al.*,<br><br>Defendants. | Civil Action No. 22-0478 (TJK) |

## JOINT STATUS REPORT

The Parties, by and through undersigned counsel, respectfully submit the following joint status report pursuant to the Court's August 5, 2024 Minute Order.

1. On March 28, 2023, the Court granted Defendants' Motion to Dismiss (ECF No. 7) for failure to state a claim under the APA. See ECF Nos. 23, 24. The Court dismissed the case with prejudice, reasoning that while Plaintiff asked to amend his complaint and cite to agency regulations rather than Executive Order 12,968, he "identified no regulations that would save his claim." ECF No. 24 at 10 n.8.

2. Plaintiff appealed, and on July 23, 2024, the Court of Appeals issued its mandate. ECF No. 27. The Court of Appeals agreed that Plaintiff failed to state a claim based on Executive Order 12,968. *Id*. at 4. However, it found that there was a "possibly relevant implementing regulation" that might provide Plaintiff with a judicially enforceable right. *Id*. at 5. The Court of Appeals therefore vacated the Judgment and remanded the case, directing the Court to "either elaborate on its reasons for dismissing this case with prejudice or else make the dismissal without prejudice." *Id*.

3. By Minute Order on August 5, 2024, the Court ordered that, by August 19, 2024, the parties shall jointly propose a briefing schedule to address whether, in light of the Court of Appeals' decision, the Court's dismissal of this case should be with prejudice.

4. The Parties have met and conferred and Plaintiff has proposed that he move for leave to amend the Complaint, and Defendants can then oppose that motion on the grounds that amendment would be futile. This would involve the same underlying arguments as supplemental briefing on whether a dismissal without prejudice is appropriate, since the appropriate remedy if the Court agrees that the amendment would not be futile is to allow the amendment rather than requiring Plaintiff to refile a new complaint, which would be potentially susceptible to other procedural attacks in ways not applicable to an amended complaint. *See*, *e.g.*, Br. for Appellees, Dkt. #2029892, at 11 n.2 (filed Dec. 4, 2023), *Moyar v. DOD*, No. 23-5085 (D.C. Cir.) ("DCSA has since halted the processing and adjudication of Moyar's renewed clearance request, after learning that Moyar is no longer employed by the private contractor that sponsored the clearance request."). The results would similarly be identical: if Moyar wins, then the amended complaint is the operative complaint because the amendments were not obviously futile, and if Moyar loses, then the case remains dismissed because the amendments were determined to be futile. Plaintiff disagrees with Defendants' assertion that the Circuit intended to instruct the Court to dismiss the case regardless of whether other regulations would provide an avenue for judicial review of Defendants' actions, and maintains that the Circuit would not have discussed the potential futility of amending the complaint to include other agency regulations if it had already reached the conclusion that the Court must dismiss the case. As of this writing, the case is not dismissed because of the Circuit's vacatur, and therefore a motion to amend is appropriate because the case is not in a "post-dismissal" stage.

5. Defendants believe that amendment would be premature at this stage of litigation. As the D.C. Circuit made clear, the purpose of the vacatur is only to decide whether the dismissal with or without prejudice, not to revisit the merit s of the dismissal. *See* ECF No. 27. The Court should follow the instructions of the Circuit before entertaining any additional motions by the Plaintiff. If Plaintiff wishes to be heard on a post-dismissal motion, he may petition the Court after the Court follows the instructions that the Circuit provided.

6. Mindful of other litigation obligations and personal commitments in the coming months, the parties propose the following briefing schedule:

a. Plaintiff shall file a motion in support of dismissal without prejudice or a motion for leave to amend the complaint (depending on the Court's decision regarding the above dispute) on or before October 4, 2024;

b. Defendants shall file any response to Plaintiff's motion on or before November 1, 2024; and

c. Plaintiff shall file any reply in support of his motion on or before December 6, 2024.

A proposed order is attached.

\* \* \*

Dated: August 16, 2024
Washington, DC

Respectfully submitted,

_____/s/_____
KELLY BRIAN MCCLANAHAN
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
(301) 728-5908
Kel@nationalsecuritylaw.org

*Counsel for Plaintiff*

MATTHEW M. GRAVES
D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:        /s/    *Sian Jones*
SIAN JONES
D.C. Bar # 1024062
Assistant United States Attorney
601 D Street, NW
Washington, D.C., 20530
Phone: (202) 252-2578
Fax: (202) 252-2599
Email: Sian.Jones@usdoj.gov

*Attorneys for the United States of America*

4