UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK MOYAR, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 1:22-cv-00478 (TJK) |
| DEPARTMENT OF DEFENSE, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S UNOPPOSED MOTION FOR STATUS CONFERENCE**

NOW COMES Plaintiff to respectfully request a brief status conference to clarify the scope of the forthcoming briefing and resolve ambiguities in the parties' positions. Defendants take no position on this Motion.

Plaintiff has good cause to request this conference, and judicial economy is served by resolving this disagreement before the briefing ordered by the Court commences. On 28 March 2023, this Court dismissed this case with prejudice, holding in pertinent part that Plaintiff "identified no regulations that would save his claim, nor is it clear how they could do so." *Moyar v. DOD*, No.22-478, 2023 U.S. Dist. LEXIS 52213, at *13 n.8 (D.D.C. Mar. 28, 2023). On 31 May 2024, the D.C. Circuit vacated and remanded the case with instructions to "either elaborate on its reasons for dismissing this case with prejudice or else make the dismissal without prejudice." *Moyar v. DOD*, No. 23-5085, 2024 U.S. App. LEXIS 13146, at *11 (D.C. Cir. May 31, 2024) [hereinafter *Moyar II*]. The Court then ordered the parties to "jointly propose a briefing schedule to address whether, in light of the Court of Appeals' decision, the Court's dismissal of this case should be with prejudice." (Min. Order (filed Aug. 5, 2024).) After Plaintiff and Defendants filed a joint status report in which they set out their respective positions

that Plaintiff should move for leave to amend the complaint and that Plaintiff should move for dismissal without prejudice, respectively (J. Stat. Rep., Dkt. #28, at 2-3 (filed Aug. 16, 2024)), the Court ordered that "Plaintiff shall file a motion in support of dismissal without prejudice." (Min. Order (filed Aug. 19, 2024).) However, in order to file the motion ordered by the Court, Plaintiff needs to understand the scope of the intended briefing as the Court sees it, which the parties' respective counsel have not been able to agree on.

Plaintiff maintains that controlling Circuit precedent makes it clear that the opposite of dismissal with prejudice is, practically speaking, amendment of the complaint under Federal Rule of Civil Procedure 15(a), not dismissal of the case in such a way that the plaintiff may, if he so chooses, file a new complaint in a new case. His source for this position is primarily the D.C. Circuit's opinion in *Belizan v. Hershon*, 434 F.3d 579, 583-84 (D.C. Cir. 2006), which itself was cited in the Circuit's Judgment in this case, *see Moyar II* at *9. Moreover, contrary to Defendants' characterization, the controlling caselaw specifically provides that a motion to amend a complaint in this case even after dismissal without prejudice does *not* require a motion for reconsideration: "Generally, a dismissal of a complaint without prejudice is not a final appealable order. Because the dismissal does not constitute entry of a final judgment, the complaint may be amended pursuant to Rule 15(a) of the Federal Rules of Civil Procedure without filing a motion pursuant to Rules 59(e) or 60(b)." *Wilcox v. Georgetown Univ.*, 987 F.3d 143, 146-47 (D.C. Cir. 2021) (stating that "[t]his has long been the law in this and other circuits" and listing cases). Accordingly, if the Court finds that dismissal without prejudice is warranted, it should not then require Plaintiff to seek leave to file an amended complaint and go through another round of briefing; it should make clear that if Plaintiff prevails in this upcoming briefing, an amended complaint *will be accepted*, so that Plaintiff can structure his arguments accordingly.

Defendants, on the other hand, take the position that if the Court finds that dismissal without prejudice is proper, it then falls to Plaintiff to, "[i]f Plaintiff wishes to be heard on a post-dismissal motion, he may petition the Court after the Court follows the instructions that the Circuit provided." (Dkt. #28 at 3.) Defendants' counsel elaborated by email, "Once it is dismissed, if it is without prejudice, you are welcomed to initiate a new action, but Defendants will not be consenting to amendment of the complaint in this action at this late stage." In other words, Defendants' position is that even if the Court agrees fully with Plaintiff and dismisses the case without prejudice, Plaintiff only has two choices: (1) File a Rule 59(e) or 60(b) motion to reconsider; or (2) file a new complaint in a new case, despite the fact that a dismissal without prejudice is "not a final appealable order," *Wilcox*, 987 F.3d at 146. As stated above, Plaintiff believes that both of these are directly precluded by controlling caselaw—and has unsuccessfully advised Defendants' counsel of the matter—but a motion arguing as much would look quite different than a motion arguing simply that the complaint should be dismissed without prejudice because an amended complaint citing specifically identified regulations would not be futile. Moreover, should the Court state that it believes that the Circuit's mandate strictly limits its discretion in this matter and that *Wilcox* does not apply, Plaintiff intends to petition the Circuit to recall and amend the mandate to clarify its intent.

Therefore, Plaintiff asks for this status conference to allow the parties to discuss this disagreement over scope with the Court and reach a common understanding over the briefing set to begin next Friday. If the Court cannot schedule a status conference in such a short time,

Plaintiff respectfully asks the Court to stay the 4 October filing deadline until it has been able to either convene a status conference or issue an order clarifying the scope of the briefing.[1]

Date:   September 27, 2024

                                                                 Respectfully submitted,

                                                                 /s/ Kelly B. McClanahan
                                                               Kelly B. McClanahan, Esq.
                                                               D.C. Bar #984704
                                                               National Security Counselors
                                                               4702 Levada Terrace
                                                               Rockville, MD  20853
                                                               301-728-5908
                                                               240-681-2189 fax
                                                               Kel@NationalSecurityLaw.org

                                                               *Counsel for Plaintiff*

---

[1] The undersigned apologizes for not providing the Court with more notice, but he had to travel to Atlanta this week to participate in oral arguments before the Eleventh Circuit, and his schedule for the week was further disrupted by complications from Hurricane Helene.