UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK MOYAR, | * |
| | * |
|    Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 1:22-cv-00478 (TJK) |
| | * |
| DEPARTMENT OF DEFENSE, *et al.*, | * |
| | * |
|    Defendants. | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
OR, IN THE ALTERNATIVE, TO DISMISS CASE WITHOUT PREJUDICE**

NOW COMES Plaintiff Mark Moyar ("Moyar") to respectfully request leave to file his First Amended Complaint attached hereto. In the alternative, Moyar requests that the Court dismiss this case without prejudice.

As explained in the following memorandum, which has been included in this Motion due to its short length, this amended complaint is not futile because the reasons cited by the Circuit for holding that Executive Order 12,968 ("the Executive Order") is not judicially enforceable are not applicable to the implementing agency regulations added to the pleading. By the same analysis, dismissing the case without prejudice would allow Moyar to refile this non-futile amended complaint in a new case, although the Court should decline that option because of new developments which could be construed to preclude filing a new case at this late date.

Defendants oppose this Motion. A proposed Order is attached to this Motion.

**Memorandum of Points and Authorities**

In support of this Motion, Moyar relies on Federal Rule of Civil Procedure 15(a)(2), which provides in relevant part that a party may amend its pleading with leave of the Court and

that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). *See also Foman v. Davis,* 371 U.S. 178 (1962); *Firestone v. Firestone,* 76 F.3d 1205, 1209 (D.C. Cir. 1996).

Moyar has good cause to request leave to amend, it is made in good faith and not for purpose of delay, and if leave is granted it will not unfairly prejudice Defendants. "[N]o unfair prejudice exists simply because a party has to defend against new or better pleaded claims." *See* Baicker-McKee, Janssen and Corr, *Federal Civil Rules Handbook 2011* 541 (Thomson/Reuters/West 2010) (citing *Popp Telecom v. American Sharecom, Inc.,* 210 F.3d 928, 943 (8th Cir. 2000) ("The inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party."), and *Busam Motor Sales v. Ford Motor Co.,* 203 F.2d 469, 472 (6th Cir. 1953) (Rule 15 amendment is not barred simply because it raises new issue of law)). *See also Bowles v. Reade,* 198 F.3d 752, 758 (9th Cir. 1999) (undue delay justifies denial of leave to amend only when accompanied by unfair prejudice, bad faith or futility).

The decision whether to grant leave to amend a complaint is entrusted to the sound discretion of the Court, but leave "should be freely given unless there is a good reason . . . to the contrary." *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996). According to the Supreme Court:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182.

As suggested by the D.C. Circuit's order remanding this case, the amendments to this pleading consist virtually entirely of additional language and citations to the Government's implementing regulations for the Executive Order. The Circuit held that agency compliance with the Executive Order was "not . . . subject to judicial review" because it stated that "its purpose was only for internal management and that it created no private rights." *Moyar v. DOD*, No. 23-5085, 2024 U.S. App. LEXIS 13146, at *7 (D.C. Cir. May 31, 2024) (quoting *Meyer v. Bush*, 981 F.2d 1288, 1296 n.8 (D.C. Cir. 1993)). While Moyar disagrees with the Circuit's holding, he is bound by it, and therefore will not present further argument regarding the Executive Order itself.[1] The citations to implementing regulations, however, cure this infirmity, since, with three inapposite exceptions, the relevant language is absent from all of them.

The First Amended Complaint adds references to three Department of Defense ("DOD") authorities, two Office of the Director of National Intelligence ("ODNI") authorities, and one United States Agency for International Development ("USAID") authority. Of those six authorities, three lack any mention of an intent to create no private rights, one includes such language but limits it to a particular section which does not apply to this case, one includes vaguely similar language but limits it to a particular type of action which is not alleged in this case, and one does include comparable language which is not dispositive due to other factors. A breakdown is as follows:

- DOD Directive 5220.6: Includes no relevant language. DOD, *DODD 5220.6: Defense Industrial Personnel Security Clearance Review Program passim* (Jan. 2, 1992), *available at*

---

[1] The First Amended Complaint continues to allege violations of the Executive Order simply to preserve the arguments for higher appeal should it become necessary. Moyar understands that the Court cannot hold that the Government violated the Executive Order in the current litigation posture.

> https://www.esd.whs.mil/Portals/54/Documents/DD/issuances/dodd/522006p.pdf (last accessed Oct. 15, 2024).

- DOD Instruction 5200.02: Includes no relevant language. DOD, *DODI 5200.02: DoD Personnel Security Program passim* (Mar. 21, 2014), *available at* https://www.esd.whs.mil/Portals/54/Documents/DD/issuances/dodi/520002p.pdf (last accessed Oct. 15, 2024).

- DOD Manual 5200.02: Includes relevant language but restricts it to Section 9, while the relevant due process provisions are located in Section 10. DOD, *DODM 5200.02: Procedures for the DoD Personnel Security Program (PSP)* § 9.1(b) (Apr. 3, 2017), *available at* https://www.esd.whs.mil/Portals/54/Documents/DD/issuances/dodm/520002m.PDF (last accessed Oct. 15, 2024).

- USAID Automatic Directives System ("ADS") Chapter 566: Includes no relevant language. USAID, *ADS Chapter 566: Personnel Security Investigations and Clearances passim* (Sept. 26, 2011), *available at* https://www.usaid.gov/sites/default/files/2022-12/566.pdf (last accessed Oct. 15, 2024).

- Intelligence Community Directive ("ICD") 704: Includes marginally relevant language but restricts it to "determination[s] granting or denying access to [Sensitive Compartmented Information]." ODNI, *ICD 704: Personnel Security Standards and Procedures Governing Eligibility for Access to Sensitive Compartmented Information* ¶ D(1) (June 20, 2018), *available at*

https://www.intel.gov/assets/documents/Intelligence%20Community%20Directives/ICD_704_Jun2018.pdf (last accessed Oct. 15, 2024).

- Intelligence Community Policy Guidance 704.3: Includes relevant language mirroring language found in the Executive Order. ODNI, *ICPG 704.3: Denial or Revocation of Access to Sensitive Compartmented Information, other Controlled Access Program Information, and Appeals Processes* ¶ D(5) (Oct. 2, 2008), *available at* https://www.dni.gov/files/documents/ICPG/ICPG-704-3.pdf (last accessed Oct. 15, 2024).

Of these six authorities, only ICPG 704.3 raises any serious question, but the relevant language is not dispositive in that document for a separate legal reason; it's not an Executive Order. As the Circuit explained last year, the reason that "management" executive orders are not judicially enforceable is "because an executive order is not 'law' within the meaning of the Constitution or the APA." *California v. EPA*, 72 F.4th 308, 318 (D.C. Cir. 2023). This is because, as the Circuit had previously held, "executive orders *without specific foundation in congressional action*" are not reviewable. *In re Surface Mining Regulation Litigation*, 627 F.2d 1346, 1357 (D.C. Cir. 1980) (emphasis added). However, ICPG 704.3 cites specific statutory authority *before any executive orders*, placing them distinctly outside this category. *See* ICPG 704.3 ¶ A ("AUTHORITY: The National Security Act of 1947, as amended; the Counterintelligence Enhancement Act of 2002, as amended; Executive Order (EO) 12333, as amended; EO 13355; EO 12968, and other applicable provisions of law."). It is well-established that agency regulations *with* a foundation in congressional action are reviewable, regardless of how the agency might wordsmith a disclaimer to the contrary. "To be sure, if Congress precluded non-statutory judicial review, . . . that would be another matter. But we have never

5

held that a lack of a statutory cause of action is *per se* a bar to judicial review." *Chamber of Commerce of the United States v. Reich*, 74 F.3d 1322, 1338 (D.C. Cir. 1996) (collecting cases). Furthermore, even if the Court holds that agency compliance with ICPG 704.3 is not judicially enforceable, that still leaves five other authorities which indisputably are.

Lastly, even if the Court were inclined to consider adopting its previous holding that Moyar was not entitled to due process at this stage of the administrative process, the First Amended Complaint's newly cited authorities foreclose that reading by specifying that, according to the governing DOD regulations, this stage of the administrative process is *exactly* when the due process right to receive records attaches. *See* DODM 5200.02 §§ 10.2(a), 10.5(d) (stating that the initial determination which precedes the personal appearance before an Administrative Judge is what triggers the right). Therefore, even accepting *arguendo* that the Court's previous holding was correct under the terms of the Executive Order, it was not correct under the terms of the governing DOD regulations.

Similarly, there is no undue prejudice to Defendants. In fact, granting leave to amend is especially favored where the proposed changes do not radically reshape the action. *See Smith v. Café Asia*, 598 F. Supp. 2d 45, 48 (D.D.C. 2009). Moyar's only significant additions are "based on essentially the same nucleus of facts supporting Plaintiffs' other claims." *Council on Amer.-Islamic Relations Action Ntwk., Inc. v. Gaubatz*, 793 F. Supp. 2d 311, 328 (D.D.C. 2011). Similarly, Moyar's "proposed amendments do not catch [Defendants] by surprise or radically reshape this action, let alone deprive them of an opportunity to mount a fair defense." *Id.* at 326. *See also Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of defendant's case."); *City of*

*Moundbridge v. Exxon Mobil Co.*, 250 F.R.D. 1, 6 (D.D.C. 2008) ("Undue prejudice is not mere harm to the non-movant but a denial of the opportunity to present facts or evidence which would have been offered had the amendment been timely.").

Regarding Moyar's request that the complaint be amended instead of the case being dismissed without prejudice, the reason for that request is straightforward: a dismissal without prejudice in this particular case is effectively a dismissal *with* prejudice due to external factors. The D.C. Circuit has recognized that in certain situations—normally involving statutes of limitations—a dismissal of a case nominally without prejudice is de facto with prejudice because it "had the effect of permanently terminating [the plaintiff's] principal cause of action." *Ciralsky v. CIA*, 355 F.3d 661, 671-72 (D.C. Cir. 2004). There is no statute of limitations issue in this case, but there is a comparable issue which would arguably preclude Moyar from prosecuting his case fully should he be required to file a new complaint at this time. Moyar is no longer employed by the contractor which sponsored him for a security clearance, and were he to file a new complaint, the Government would argue—with a moderate likelihood of success—that the case must be dismissed on that ground: an argument it cannot make in the current litigation posture because he was sponsored at the time of the original complaint. Given that a dismissal without prejudice would entail a finding that Moyar's proposed amendments are not futile, this complicating factor strongly supports Moyar's case for amendment, and there is no discernable difference in the negligible amount of prejudice Defendants would suffer from either option. That being said, if the Court determines that dismissal of the case *is* warranted, Moyar argues that such dismissal should be without prejudice to allow him the *chance*—however slim—of receiving a decision on the merits of his case.

**Conclusion**

For the foregoing reasons, the Court should grant Moyar's Motion.

Date:  October 15, 2024

                                                Respectfully submitted,

                                                /s/ Kelly B. McClanahan
                                                Kelly B. McClanahan
                                                National Security Counselors
                                                4702 Levada Terrace
                                                Rockville, MD 20853
                                                301-728-5908
                                                Kel@NationalSecurityLaw.org
                                                DC Bar. No. 984704

                                                *Counsel for Plaintiff*