UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK MOYAR,

        Plaintiff,

    v.                                                                Civil Action No. 22-0478 (TJK)

DEPARTMENT OF DEFENSE, et al.,

        Defendants.

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
<u>PLAINTIFF'S MOTION FOR LEAVE TO AMEND</u>**

# TABLE OF CONTENTS

Table of Contents ........................................................................................................... i

Table of Authorities ..................................................................................................... ii

Background ................................................................................................................... 1

Legal Standards ........................................................................................................... 3

Argument ...................................................................................................................... 5

      I.     Plaintiff Cannot State a Claim Under the Administrative Procedure Act Because He Has Adequate Alternative Remedies At Law .................................................. 5

      II.    The Proposed Amended Complaint Does Not Identify Any Source of Rights That Are Judicially Enforceable ...................................................................................... 8

      III.   The Proposed Amended Complaint Does Not Identify Any Final Agency Decision Necessary To State A Claim Under the Administrative Procedure Act 15

      IV.   Plaintiff's Original Complaint Should Be Dismissed With Prejudice .................. 17

Conclusion .................................................................................................................. 18

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ............................................................. 4

*BEG Invs., LLC v. Alberti,*
    85 F. Supp. 3d 13 (D.D.C. 2015) ........................................ 3

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ........................................................... 4

*Bierly v. Dep't of Def.,*
    Civ. A. No. 23-2386, 2024 WL 4227154 (D.D.C. Sept. 18, 2024) ................................... 5, 17

*Chamber of Commerce of the United States v. Reich,*
    74 F.3d 1322 (D.C. Cir. 1996) ............................................ 14

*Columbia Riverkeeper v. Fed. Energy Regul. Comm'n,*
    650 F. Supp. 2d 1121 (D. Or. 2009) ................................... 7

*Comm. of U.S. Citizens Living in Nicaragua v. Reagan,*
    859 F.2d 929 (D.C. Cir. 1988) ........................................... 10

*Connecticut v. Dep't of Interior,*
    344 F. Supp. 3d 279 (D.D.C. 2018) .................................. 2

*Doe v. Rumsfeld,*
    683 F.3d 390 (D.C. Cir. 2012) ........................................... 8

*Domestic Sec., Inc. v. SEC,*
    333 F.3d 239 (D.C. Cir. 2003) .................................... 15, 16, 17

*Douglass v. District of Columbia,*
    605 F. Supp. 2d 156 (D.D.C. 2009) .................................. 5

*El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. Dep't of Health & Hum. Servs.,*
    396 F.3d 1265 (D.C. Cir. 2005) ........................................ 5, 6

*Feinman v. FBI,*
    713 F. Supp. 2d 70 (D.D.C. 2010) .................................... 6

*Foman v. Davis,*
    371 U.S. 178 (1962) ........................................................... 3

*Fund for Animals, Inc. v. Bureau of Land Mgmt.,*
    460 F.3d 13 (D.C. Cir. 2006) ..................................... 15, 16, 17

*Garcia v. Vilsack,*
    563 F.3d 519 (D.C. Cir. 2009) ........................................... 6

*Haleem v. Dep't of Def.*,
  Civ. A. No. 23-1471, 2024 WL 230289 (D.D.C. Jan. 22, 2024) .................................. 5, 9, 17

*Indep. Equip. Dealers Ass'n v. EPA*,
  372 F.3d 420 (D.C. Cir. 2004) ............................................................................... 15

*Kenney v. Dep't of Just.*,
  603 F. Supp. 2d 184 (D.D.C. 2009) ...................................................................... 6-7

*Langeman v. Garland*,
  88 F.4th 289 (D.C. Cir. 2023) ........................................................................... 10, 12

*Lipton v. MCI Worldcom, Inc.*,
  135 F. Supp. 2d 182 (D.D.C. 2001) ....................................................................... 4-5

*Mittleman v. U.S. Treasury*,
  773 F. Supp. 442 (D.D.C. 1991) .............................................................................. 7

*Moyar v. Dep't of Def.*,
  No. 23-5085, 2024 WL 2795958 (D.C. Cir. May 31, 2024) ...................................... 9

*Mulhern v. Gates*,
  525 F. Supp. 2d 174 (D.D.C. 2007) ......................................................................... 6

*Onyewuchi v. Gonzalez*,
  267 F.R.D. 417 (D.D.C. 2010) ............................................................................. 3, 4

*Ralls Corp. v. Comm. on Foreign Inv. in the U.S.*,
  758 F.3d 296 (D.C. Cir. 2014) ................................................................................ 7

*Steenholdt v. FAA.*,
  314 F.3d 633 (D.C. Cir. 2003) ............................................................................... 10

*Tripp v. Dep't of Def.*,
  193 F. Supp. 2d 229 (D.D.C. 2002) ......................................................................... 7

*Unsuck DC Metro v. Wash. Metro. Area Transit Auth.*,
  No. 20-7051, 2022 WL 683403 (D.C. Cir. Feb. 11, 2022) ...................................... 8

*Veg-Mix, Inc. v. Dep't of Aric.*,
  832 F.2d 601 (D.C. Cir. 1987) ................................................................................ 4

*Walsh v. Dep't of Veterans Affs.*,
  400 F.3d 535 ............................................................................................................. 7

*Wilson v. McHugh*,
  842 F. Supp. 2d 310 (D.D.C. 2012) ......................................................................... 6

**Statutes**

5 U.S.C. § 551 ............................................................................................................ 15

5 U.S.C. § 552 .............................................................................................................. 6

5 U.S.C. § 552a ............................................................................................................ 6

5 U.S.C. § 702 .......................................................................................................... 8, 10

5 U.S.C. § 704 .......................................................................................................... 5, 15

5 U.S.C. § 706 .......................................................................................................... 8, 10

Defendants the United States Department of Defense and the United States Agency for International Development ("USAID") (collectively, "Defendants"), through undersigned counsel, respectfully oppose the "Motion for Leave to Amend or, in the alternative, to Dismiss Case Without Prejudice" filed by Plaintiff, Mark Moyar (ECF No. 32, "Plaintiff's Motion"). Plaintiff's Motion should be denied because the Proposed Amended Complaint would not survive a motion to dismiss. Specifically, it does not state a claim under the Administrative Procedure Act ("APA") because (a) Plaintiff has adequate alternative remedies available at law in the form of Freedom of Information Act ("FOIA") and Privacy Act claims; (b) the guidance documents upon which the Proposed Amended Complaint relies for judicially enforceable rights do not create any such rights; and (c) it does not challenge any final agency actions. Defendants raised all these arguments in their motion to dismiss the original complaint. The Court, however, did not reach the issues of whether Plaintiff challenged a final agency action or whether Plaintiff had an adequate alternative remedy. Each is dispositive in and of itself. Plaintiff's attempt to find new sources of judicially enforceable rights for his Proposed Amended Complaint is unsuccessful—and even if it were not, both the absence of final agency decisions and the existence of adequate alternative remedies prevent Plaintiff from stating a claim under the APA. As a result, the Proposed Amended Complaint would be subject to dismissal and Plaintiff's Motion should be denied as futile.

## BACKGROUND

A full history of Plaintiff's relevant employment and interactions with Defendants regarding his security clearances can be found in Defendants' motion to dismiss the original complaint. Defs.' Mot. (ECF No. 7) at 1-12.[1]

---

[1] Plaintiff's proposed amended complaint does not change the substance of his factual allegations.

On February 23, 2022, Plaintiff filed his original complaint, purporting to state claims under the APA in connection with his attempts to seek the documents, records, and reports upon which the preliminary determinations to revoke his security clearance were based. Compl. (ECF No. 1). Defendants moved to dismiss the original complaint because Executive Order 12,968 supplied no judicially enforceable right upon which Plaintiff could state an APA claim, because Plaintiff had identified no final agency action for review, and because other adequate remedies were available to him via FOIA or the Privacy Act. Defs.' Mot. Dismiss (ECF No. 7).

On March 28, 2023, the Court granted Defendants' Motion to Dismiss for failure to state a claim under the APA. *See* ECF Nos. 23, 24. The Court dismissed the case with prejudice, reasoning that while Plaintiff asked to amend his complaint and cited to agency regulations rather than Executive Order 12,968, he "identified no regulations that would save his claim." Mem. Op. (ECF No. 24) at 10 n.8.[2] Plaintiff appealed, and on July 23, 2024, the Court of Appeals issued its mandate. Mandate (ECF No. 27). The Court of Appeals agreed that Plaintiff failed to state a claim based on Executive Order 12,968. *Id*. at 4. However, it found that there was a "possibly relevant implementing regulation" that might provide Plaintiff with a judicially enforceable right. *Id*. at 5. The Court of Appeals therefore vacated the Judgment and remanded the case for further proceedings or explanation, directing the Court to "either elaborate on its reasons for dismissing this case with prejudice or else make the dismissal without prejudice." *Id*.

---

[2]    The Court also granted Defendants' motion for relief from Local Civil Rule 7(n) because the "administrative record is not necessary for the [Court's] decision regarding [the] motion to dismiss." *Connecticut v. Dep't of Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018) (cleaned up). Mem. Op. (ECF No. 24) at 5 n.3.

On October 9, 2024, after the parties submitted a joint status report and appeared for a status hearing, the Court set a schedule for the parties to propose further proceedings, including but not limited to, allowing Plaintiff to move for leave to amend.  Minute Order (Oct. 9, 2024).

On October 15, 2024, Plaintiff filed his Motion.  In it, Plaintiff seeks leave to amend his complaint such that his APA claims would be based on rights found in Office of the Director of National Intelligence ("ODNI") publications Intelligence Community Directive ("IC Directive") 704 and its associated Intelligence Community Policy Guidance ("IC Guidance") 704.3, Department of Defense Directive ("Defense Directive") 5220.6, Department of Defense Instruction ("Defense Instruction") 5200.02, Department of Defense Manual ("Defense Manual") 5200.02, and USAID's Automated Directives System ("USAID Directives") Chapter 566.  Prop. Am. Compl. (ECF No. 32-1) ¶¶ 51-76.

## LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure ("Rule") 15, once 21 days have elapsed since the filing of a responsive pleading or motion pursuant to Rule 12(b), (e), or (f), a plaintiff may amend the complaint only with written consent from the opposing party or by leave of the court. Fed. R. Civ. P. 15(a). According to Rule 15, a court should freely give leave when "justice so requires." *Id.*; *see also BEG Invs., LLC v. Alberti*, 85 F. Supp. 3d 13, 23 (D.D.C. 2015). "Denial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice or repeated failure to cure by previous amendments." *Onyewuchi v. Gonzalez*, 267 F.R.D. 417, 420 (D.D.C. 2010); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *BEG Invs.*, 85 F. Supp. 3d at 23.

Denial of leave to amend on the basis of futility is warranted if the proposed amended complaint "merely restates the same facts as the original complaint in different terms, reasserts a

claim on which the court previously ruled, fails to state a legal theory or could not withstand a motion to dismiss." *Onyewuchi*, 267 F.R.D. at 420 (citing *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002); *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996) (affirming denial of leave to amend, given "little chance" that plaintiff's claim would succeed); *see also Oladokun v. Corr. Treatment Facility*, 5 F. Supp. 3d 7, 13 (D.D.C. 2013) ("[I]n assessing an argument that an amendment would be futile, the court must assess the proposed amendments under the same standard as would be applied to a motion to dismiss.").

Under Rule 12(b)(6), a "Complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

On a Rule 12(b)(6) motion to dismiss, the Court may consider, in addition to the facts alleged in the complaint, documents either attached to, or incorporated into the complaint by reference, as well as matters of which it may take judicial notice, such as "official court records" and other publicly available government records. *Veg-Mix, Inc. v. Dep't of Aric.*, 832 F.2d 601, 607 (D.C. Cir. 1987); *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624-25 (D.C. Cir. 1997); *Lipton v. MCI Worldcom, Inc.*, 135 F. Supp. 2d 182, 186 (D.D.C. 2001) ("[T]he court may consider the defendants' supplementary material without converting the motion to dismiss into one for summary judgment. This Court has held that 'where a document is referred to in the complaint and is central to the plaintiff's claims, such a document attached to the motion papers

may be considered without converting the motion to one for summary judgment.'"); *Douglass v. District of Columbia,* 605 F. Supp. 2d 156, 162 (D.D.C. 2009) (citing, among others, *St. Francis Xavier*, 117 F.3d at 624-25).

## ARGUMENT

Plaintiff's Motion should be denied because the Proposed Amended Complaint would not survive a motion to dismiss.  Specifically, it does not state a claim under the APA because (a) Plaintiff has adequate alternative remedies available at law in the form of FOIA and Privacy Act claims; (b) the guidance documents upon which Plaintiff relies for judicially enforceable rights do not create any such; and (b) the Proposed Amended Complaint does not challenge any final agency actions.

## I.    Plaintiff Cannot State a Claim Under the Administrative Procedure Act Because He Has Adequate Alternative Remedies At Law

Plaintiff's APA claims should also be dismissed because Plaintiff has other adequate remedies at law, namely the ability to submit either a FOIA or Privacy Act request.  Recently, in cases addressing document claims similar to Plaintiff's, courts in this district have dismissed on this ground alone.  *See, e.g.*, *Haleem v. Dep't of Def.*, Civ. A. No. 23-1471, 2024 WL 230289, at *13–15 (D.D.C. Jan. 22, 2024); *Bierly v. Dep't of Def.*, Civ. A. No. 23-2386, 2024 WL 4227154, at *9 (D.D.C. Sept. 18, 2024).

The APA provides for judicial review of final agency action only where "there is no other adequate remedy in a court." 5 U.S.C. § 704. "[I]n determining whether an adequate remedy exists, [the D.C. Circuit] has focused on whether a statute provides an independent cause of action or an alternative review procedure." *El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. Dep't of Health & Hum. Servs.*, 396 F.3d 1265, 1270 (D.C. Cir. 2005). "[W]here a statute affords an opportunity for de novo district-court review [of an administrative denial], the [C]ourt [of Appeals]

has held that APA review was precluded because 'Congress did not intend to permit a litigant challenging an administrative denial . . . to utilize simultaneously both [the review provision] and the APA.'" *Id*. (quoting *Env't Def. Fund v. Reilly*, 909 F.2d 1497, 1501 (D.C. Cir. 1990)). Thus, "the alternative remedy need not provide relief identical to relief under the APA, so long as it offers relief of the 'same genre.'" *Garcia v. Vilsack*, 563 F.3d 519, 522 (D.C. Cir. 2009) (quoting *El Rio*, 396 F.3d at 1272). "In evaluating the availability and adequacy of alternative remedies, however, the court must give the APA 'a hospitable interpretation such that only upon a showing of clear and convincing evidence of a contrary legislative intent should the courts restrict access to judicial review.'" *Id*. (quoting *El Rio*, 396 F.3d at 1270).

The Privacy Act prohibits covered agencies from improperly denying access to records they maintain. *See* 5 U.S.C. § 552a(d)(1). Individuals who believe they have been wrongly denied access to records pertaining to them may bring a civil action to compel the agency to disclose the records. *See* 5 U.S.C. § 552a(g)(1)(B) (creating cause of action for improper withholding); *id*. § 552a(g)(3)(A)-(B) (outlining relief available in such an action); *Mulhern v. Gates*, 525 F. Supp. 2d 174, 183 (D.D.C. 2007). Likewise, under FOIA, Plaintiff would be entitled to records not subject to enumerated exemptions. *See* 5 U.S.C. § 552(b)(1)-(7).

Numerous courts in this Circuit and others have dismissed APA claims that sought remedies made available by the Privacy Act or FOIA. *See*, *e.g*., *Wilson v. McHugh*, 842 F. Supp. 2d 310, 320 (D.D.C. 2012) ("[Plaintiff's] briefing thus suggests that the Privacy Act does form the basis of his claim, and if that is the case, § 704 of the APA precludes this Court's review."); *Feinman v. FBI*, 713 F. Supp. 2d 70, 76 (D.D.C. 2010) (finding no APA jurisdiction for alleged FOIA violations); *Kenney v. Dep't of Just*., 603 F. Supp. 2d 184, 190 (D.D.C. 2009) (finding that FOIA precluded APA claim that defendant improperly withheld records that were responsive to

plaintiff's FOIA request); *Tripp v. Dep't of Def.*, 193 F. Supp. 2d 229, 238 (D.D.C. 2002) ("plaintiff cannot bring an independent APA claim predicated on a Privacy Act violation"); *Mittleman v. U.S. Treasury*, 773 F. Supp. 442, 449 (D.D.C. 1991) (dismissing APA claim that essentially restated plaintiff's Privacy Act claim); *see also*, *e.g.*, *Walsh v. Dep't of Veterans Affs.*, 400 F.3d 535, 537-38 (7th Cir. 2005) (finding that FOIA precluded APA claim that sought relief for agency's late production of records); *Columbia Riverkeeper v. Fed. Energy Regul. Comm'n*, 650 F. Supp. 2d 1121, 1125-26 (D. Or. 2009) (dismissing FOIA plaintiff's claims under APA seeking adequate search and release of responsive documents).

In this case, both USAID and the Defense Department are subject to FOIA and Privacy Act. Plaintiff alleges that he has submitted FOIA and Privacy Act requests to both agencies seeking records about the allegations that he published classified information but has failed to receive the records he seeks. Prop. Am. Compl. (ECF No. 32-1) ¶ 48. Plaintiff is also at liberty to submit FOIA and Privacy Act requests to Defense Department components other than the Adjudications Facility likely to contain records regarding his clearance. Thus, to the extent that Plaintiff believes he has not been provided with records to which he believes he is entitled, the proper avenue for him to pursue those documents and to challenge the responses of the agencies from which he seeks those records is through the causes of action provided by FOIA and Privacy Act. Plaintiff is free to pursue the remedies he seeks under the Privacy Act or FOIA, but because those statutes provide those remedies, Plaintiff's APA claims should be dismissed.[3]

---

[3]     Whatever procedural protections Plaintiff may have in connection with the proposed revocation of his security clearance, and whatever rights he has to enforce them, Plaintiff does not have a right to access any classified information relied on in making a determination regarding his clearance. As the D.C. Circuit has recognized, the right to notice of information at issue in an administrative proceeding would not extend to classified national security information. *See Ralls Corp. v. Comm. on Foreign Inv. in the U.S.*, 758 F.3d 296, 320 (D.C. Cir. 2014) ("a substantial

II.    **The Proposed Amended Complaint Does Not Identify Any Source of Rights That Are Judicially Enforceable**

As in Plaintiff's original complaint, his three "Cause[s] of Action" allege that Defendants acted arbitrary and capriciously, and contrary to law, when the agencies allegedly refused to produce certain documents and when the Defense Counterintelligence and Security Agency refused to issue paperwork that would allow Plaintiff to request certain records from other components of the Department of Defense.  Prop. Am. Compl. (ECF No. 32-1) ¶¶ 51-76.  As with Plaintiff's original complaint, the Proposed Amended Complaint does not identify judicially enforceable rights necessary for him to state a claim under the APA.

A person who is "suffering a legal wrong because of agency action . . . is entitled to judicial review thereof," 5 U.S.C. § 702, and the Court must "set aside agency action" that is "arbitrary, capricious, . . . or otherwise not in accordance with law," *id*. § 706(2)(A). However, nothing in the APA "(1) affects other limitations on judicial review or the power or duty of the court to dismiss any action . . . on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." *Id*. § 702.  Two such limitations on judicial review are (1) that Plaintiff must identify a legally cognizable cause of action, *see*, *e.g.*, *Doe v. Rumsfeld*, 683 F.3d 390, 397 (D.C. Cir. 2012) (holding that a plaintiff's claim must be dismissed in the absence of an implied cause of action under *Bivens*); *Unsuck DC Metro v. Wash. Metro. Area Transit Auth.*, No. 20-7051, 2022 WL 683403, at *2 (D.C. Cir. Feb. 11, 2022) (affirming summary judgment where plaintiff could not identify a cause of action), and (2) that Plaintiff's claims must be based upon violations of

---

interest in national security supports withholding only the classified information" even where the production of unclassified information is required in an administrative proceeding).

judicially enforceable rights, *Moyar v. Dep't of Def.*, No. 23-5085, 2024 WL 2795958, at *3 (D.C. Cir. May 31, 2024) (affirming dismissal in the absence of a judicially enforceable right).

Defendants do not concede that Plaintiff has identified a cognizable cause of action because, as discussed below, he has not identified final agency actions necessary for an APA claim. *Cf. Haleem v. Dep't of Def.*, Civ. A. No. 23-1471, 2024 WL 230289, at *13–14 (D.D.C. Jan. 22, 2024) (holding that a similar claim could not be brought under the APA). But a review of the policy documents cited by Plaintiff makes it clear that he has not identified judicially enforceable rights necessary to state a claim under the APA.

First, Plaintiff continues to cite Executive Order 12,968 as a source of rights "to preserve the arguments for higher appeal should it become necessary." Pl's Mot. (ECF No. 32) at 3 n.1. As the D.C. Circuit explained, Executive Order 12,968, which explicitly states that is only for internal management purposes and creates no private rights, "is not 'law' within the meaning of the Constitution or the APA" and "creates no judicially enforceable rights." *Moyar*, 2024 WL 2795958, at *3 (citations omitted). Therefore, Plaintiff cannot state a claim based on an alleged violation of Executive Order 12,968.

The guidelines and policy documents cited by Plaintiff in support of his claims fare no better. Plaintiff asserts in his motion that, because "with three inapposite exceptions" IC Guidance 704.3, Defense Directive 5220.6, Defense Instruction 5200.02, and Defense Manual 5200.02m do not contain language to the effect that their "purpose was only for internal management and that it created no private rights." Pl's Mot. (ECF No. 32) at 3. Plaintiff is incorrect that such sub-regulatory agency guidelines presumptively create judicially enforceable rights and that he can state a claim under them simply because they do not contain express language forbidding him from doing so.

The APA assures judicial review (unless otherwise precluded by law) for persons "suffering legal wrong because of agency action," 5 U.S.C. § 702 (1982), and provides that courts will "set aside agency action . . . found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id*. § 706(2). For a court to set aside agency action under Section 706(2), the action must violate a law that confers rights on claimants such as the plaintiff as well as obligations on the agency. The D.C. Circuit has discussed extensively whether certain treaties constitute "law" upon which an APA claim might be based. *See Comm. of U.S. Citizens Living in Nicaragua v. Reagan*, 859 F.2d 929, 942 (D.C. Cir. 1988) (finding that the UN Charter could not be the basis for an APA claim). These discussions, which are the functional equivalent of assessing whether a given treaty is source of legally enforceable rights, have focused on whether the terms of the treaty conferred rights on individual citizens. *Comm. of U.S. Citizens*, 859 F.2d at 938. Similarly, in the context of the discretionary function exception to the APA, the D.C. Circuit has assessed whether judicially manageable standards exist by which to judge the agency's action. *Steenholdt v. FAA.*, 314 F.3d 633, 638 (D.C. Cir. 2003). Such standards "may be found in formal and informal policy statements and regulations as well as in statutes" and, "[i]n determining whether agency statements create such a standard, the Court inquires whether the statements create binding norms by imposing rights or obligations on the respective parties." *Id.* (citations omitted); *cf. Langeman v. Garland,* 88 F.4th 289, 295, 298 (D.C. Cir. 2023) (affirming dismissal of mandamus claim where agency memo did not contain explicitly mandatory language necessary to create a property interest). These D.C. Circuit decisions are instructive here.

As a threshold matter, because, as discussed below in Part III, neither the Department of Defense nor USAID ever made a final determination regarding the revocation of Plaintiff's security clearance, procedures in the cited guidance documents regarding unfavorable national

security eligibility determinations do not apply to Plaintiff.  To the extent that USAID Directives Chapter 566 addresses due process rights, they attach when an adverse security clearance action (the denial, reduction, or revocation of a security clearance) is initiated.  Ex. 1 at 22.  Here, USAID suspended Plaintiff's clearance pending further investigation and then Plaintiff resigned before a determination was made as to whether to revoke his clearance.  Prop. Am. Compl. (ECF No. 32-1) ¶¶ 26-28.  Thus, no revocation was initiated, and any due process rights described in USAID Directives Chapter 566 are not applicable here.  Although Plaintiff does not point to the specific portions of the Department of Defense documents that he believes confer rights, they also generally address final determinations regarding information access, not the preliminary determination at issue in Plaintiff's case. *See generally*, Exs. 2 to 6.

Setting aside the threshold issue of whether the cited records even apply to preliminary revocation decisions, most of them do not contain rights-conferring language and, in some cases, expressly disclaim the creation of enforceable rights.  With respect to Defense Directive 5220.6, nothing in the Directive itself indicates that it creates rights for an individual such as Plaintiff.  *See* Ex. 2.  Enclosure 2, Security Executive Agent Directive 4: National Security Adjudicative Guidelines," states that "[w]hen an adjudicative determination is made to deny or revoke eligibility for access to classified information or eligibility to hold a sensitive position, review proceedings, to the extent they are made available in [Executive Order 12,968], as amended, Part 5, shall be afforded covered individuals at a minimum."  Ex. 2 at 18.  There is no indication that this Directive confers rights that are not already in Executive Order 12,968 and, as discussed above, the D.C. Circuit has held that there are not judicially enforceable rights in the executive order itself.  Moreover, the last provision in Enclosure 2 states that "[t]his Directive is not intended to, and does not, create any right to administrative or judicial review, or any other right or benefit, or trust

responsibility substantive or procedural, enforceable by a party against the United States, its agencies or instrumentalities, its officers or employees, or any other person." *Id.* at 19. Plaintiff cannot state a claim against the Department of Defense based on any judicially enforceable rights contained in Defense Directive 5220.6.

With respect to Defense Instruction 5200.02, nothing in the Instruction itself indicates that it creates rights for an individual such as Plaintiff. *See* Ex. 3. The document does contain a section addressing "Appeal Procedures-Denial or Revocation of Eligibility," which states that "[i]ndividuals may elect to appeal unfavorable personnel security determinations in accordance with the procedures set forth in References (c), (u), (v), (ab), (ac), and (ad), as applicable, or as otherwise authorized by law." *Id.* at 11. Of the referenced documents, the only one that creates any rights is the Department of Defense's Privacy Act regulations (DoD 5400.11-R). As discussed below, the Privacy Act and FOIA are the proper mechanisms for Plaintiff to pursue his claims and Plaintiff cannot state a claim under the APA for violations of the Privacy Act. *See infra* § III.

With respect to Defense Manual 5200.02, the document states that it "[p]rescribes procedures for administrative due process for employees," whereas "[a]dministrative due process for contractor personnel is governed by [Department of Defense Directive] 5220.6." Ex. 4 at 1. When Plaintiff received the January 2021 revocation letter and statement of reasons, he had been nominated for a Deputy Assistant Secretary of Defense position, Prop. Am. Compl. (ECF No. 32-1) ¶¶ 31-33, so Defense Manual 5200.02 applied to Plaintiff in January 2021. Section 9, Personnel Security Actions, explicitly states that "[t]his section provides guidance only for the internal operation of the DoD. It is not intended to, does not, and may not be relied upon to create or enlarge the jurisdiction or review authority of any court or administrative tribunal, including the Merit Systems Protection Board." Ex. 4 at 56. Plaintiff suggests that this statement does not apply

to the document as a whole, but it is not clear which part of the document Plaintiff believes creates judicially enforceable rights that could support his APA claim.  Section 10 of the document concerns the appeals process.  *Id.* at 59.  However, this section does not require that the Department provide individuals with any records.  *Id.*  Rather, it requires that the Department inform individuals of their right to" [r]equest the documents, records, and reports upon which the unfavorable national security determination was made" *id.*, Plaintiff does not claim that he was not informed that he could request records, *see generally* Prop. Am. Compl. (ECF No. 32-1)*.*  Plaintiff cannot state a claim against the Department of Defense based on any judicially enforceable rights contained in Defense Manual 5200.02.

Finally, neither IC Directive 704 nor its associated IC Guidance 704.3 indicate that they create rights for an individual such as Plaintiff.  *See* Exs. 5, 6.  IC Directive 704 simply establishes personnel security policy governing eligibility for access to Sensitive Compartmented Information and documents the responsibility of the Director of National Intelligence for overseeing the program producing these eligibility determinations.  Ex. 5 at 2.  IC Guidance 704.3 does state that an individual whose access to classified information has been revoked shall be provided with any documents, records, and reports upon which a denial or revocation is based.  Ex. 6 at 2.  However, it also expressly says that "[t]his document does not create or confer on any person or entity any right to administrative or judicial review of these procedures, their implementation, or decisions or actions rendered there under."  *Id.* at 3.

Plaintiff argues that this language does not prevent him from stating a claim pursuant to IC Guidance 704.3 because it is not an executive order and because it cites the National Security Act as authority.  Pl's Mot. (ECF No. 32) at 5.  Plaintiff is incorrect.  First, Plaintiff has cited no authority supporting the premise that language disclaiming the creation of personal rights

contained in a guidance document is null and void if that guidance document derives at least some

of its authority from a congressional statute.  Second, though Plaintiff suggests that he can base a

claim on IC Guidance 704.3 because it derives authority from the National Security Act, Plaintiff

does not (and likely cannot) point to rights created by the National Security Act that he is seeking

to enforce through his APA claim.  Plaintiff's reference to *Chamber of Commerce of the United

States v. Reich*, 74 F.3d 1322, 1328 (D.C. Cir. 1996), does not change the analysis.  Pl's Mot. (ECF

No. 32) at 5.  *Chamber of Commerce* does not address a situation where agency guidance

documents expressly state that they confer no judicially enforceable rights.  *See generally*,

*Chamber of Com.*, 74 F.3d 1322.  *Chamber of Commerce*, which is almost thirty years old,

addresses generally whether executive actions that are ultra vires or otherwise violate rights

granted by statutes are judicially reviewable.  *See Chamber of Com.,* 74 F.3d at 1325–26

(addressing government's argument that the court lacked authority to review an executive order

because there was no cause of action or waiver of sovereign immunity).  That is a far cry from

mandating that all agency guidance documents that derive authority at least in part from

congressional statutes and which create procedures affecting government employees and

contractors confer judicially enforceable rights on those employees and contractors.

Finally, none of the guidance documents cited by Plaintiff can plausibly be interpreted as

conferring on Plaintiff the right to demand that the Defense Counterintelligence and Security

Agency's Consolidated Adjudications Facility (the "Adjudications Facility") issue paperwork

allowing Plaintiff to request records from other Department of Defense components of his

choosing.  *See* Prop. Am. Compl. (ECF No. 32-1) ¶¶ 66-76.  Section 5.2 of Executive Order 12,968

requires that the agency, upon request and to the extent available under FOIA and the Privacy Act,

provide any documents, records, and reports upon which a denial or revocation is based.  The

Adjudications Facility provides the record request forms as a clerical courtesy—and in this case, did so for the records that it relied upon in making its preliminary determination regarding Plaintiff's security clearance.  To the extent that Plaintiff seeks additional records, he must request them pursuant to FOIA and the Privacy Act—and he has identified no legal authority providing rights to the contrary.

Because Plaintiff cannot point to a judicially enforceable right against either defendant, he cannot state a claim under the APA.

### III.    The Proposed Amended Complaint Does Not Identify Any Final Agency Decision Necessary To State A Claim Under the Administrative Procedure Act

Review under the APA is limited to "final agency action" for which there is no other adequate remedy in a court. 5 U.S.C. § 704. "Whether there has been 'agency action' or 'final agency action' within the meaning of the APA are threshold questions; if these requirements are not met, the action is not reviewable." *Fund for Animals, Inc. v. Bureau of Land Mgmt.*, 460 F.3d 13, 18 n.4 (D.C. Cir. 2006).

An "agency action" is "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof." 5 U.S.C. § 551(13). A final agency action "(1) marks the consummation of the agency's decision-making process—it must not be of a merely tentative or interlocutory nature; and (2) the action must be one by which rights or obligations have been determined or from which legal consequences will flow." *Domestic Sec., Inc. v. SEC*, 333 F.3d 239, 246 (D.C. Cir. 2003) (internal quotation marks omitted). Not everything an agency does constitutes final agency action reviewable by the courts. *Indep. Equip. Dealers Ass'n v. EPA*, 372 F.3d 420, 427 (D.C. Cir. 2004). "Much of what an agency does is in anticipation of agency action. Agencies prepare proposals, conduct studies, meet with members of Congress and interested

groups, and engage in a wide variety of activities that comprise the common business of managing government programs." *Fund for Animals*, 460 F.3d at 19.

Put simply, Plaintiff has not identified any final agency action for the Court to review. There is no indication that either USAID or the Defense Department have taken any action that "marks the consummation of the agency's decision making process" or that the agency has taken action "by which rights or obligations have been determined or from which legal consequences will flow." *Domestic Sec.*, 333 F.3d at 246. First, USAID was clear in its communications with Plaintiff's counsel that, because "[Plaintiff] resigned from USAID before a final determination was made regarding his access to classified information . . . the Agency never made a final decision regarding denial or revocation." Prop. Am. Compl.(ECF No. 32-1) ¶ 47; Ex. 4, Defs.' Mot. Dismiss (ECF No. 7-5) (USAID Response to Moyar Re Executive Order Request). Because there was no final decision regarding Plaintiff's security clearance, the provisions of section 5.2 of Executive Order 12,968 did not apply to USAID and there was no basis for USAID to make any decision for Plaintiff's request for records pursuant to the Executive Order. *See id.* Because Plaintiff did not accrue any rights under the Executive Order to request records from USAID, the agency's response to Plaintiff regarding his request cannot be considered a "final action" affecting his rights or giving rise to legal consequences. Moreover, to the extent that USAID has been providing records to Plaintiff, it is in the context of FOIA requests (*see* ECF Nos. 7-10 to 7-13; Exs. 7 to 9) which, as is discussed above, is the proper avenue for Plaintiff to pursue remedies.

Similarly, with respect to the Defense Department, the Adjudications Facility issued several memoranda regarding their intent to revoke Plaintiff's security clearance with Statements of Reasons. *See* ECF Nos. 7-6 to 7-8. The first two Statements of Reasons were withdrawn when Plaintiff left or was not granted the positions for which his clearance was sought. The third

Statement of Reasons that was issued informed Plaintiff that it was a "preliminary determination"—not a final one—and that he is entitled to provide a response to the points raised. *See* Ex. 7, Defs.' Mot. Dismiss (ECF No. 7-8). Moreover, as with USAID, the Defense Department has been responding to Plaintiff's document requests through FOIA and Privacy Act process, which is the appropriate avenue for his dispute. *See* Exs. 13-15 Defs.' Mot. Dismiss (ECF No. 7-14 to 7-16). Plaintiff has not identified any decision by the Defense Department that "marks the consummation of the agency's decision making process" or that the agency has taken action "by which rights or obligations have been determined or from which legal consequences will flow." *Domestic Sec.*, 333 F.3d at 246.

As a result, Plaintiff's APA claim should be dismissed as unreviewable. *See Fund for Animals*, 460 F.3d at 18 (affirming dismissal of claims in the absence of reviewable final agency action).

## IV.     **Plaintiff's Original Complaint Should Be Dismissed With Prejudice**

Plaintiff asks, in the alternative, that his original complaint be dismissed without prejudice. However, as discussed in Defendants' motion to dismiss the original complaint and above, he has not (and cannot at this point) identified a final agency decision necessary to state a claim under the APA and has adequate alternative remedies available in the form of claims under FOIA and the Privacy Act. Both deficiencies are dispositive and courts in this district addressing similar claims dismissed because of the existence of an adequate alternative remedy alone. *See, e.g.*, *Haleem*, 2024 WL 230289, at *13–15; *Bierly*, 2024 WL 4227154, at *9. Therefore, even if Plaintiff can identify judicially enforceable rights to use in an APA cause of action, his original complaint, like the Proposed Amended Complaint, cannot state APA claims against Defendants and, therefore, should be dismissed with prejudice.

**CONCLUSION**

For these reasons, Plaintiff's Motion should be denied.

Dated:  December 4, 2024                    Respectfully submitted,

                                            MATTHEW M. GRAVES, D.C. Bar #481052
                                            United States Attorney

                                            BRIAN P. HUDAK
                                            Chief, Civil Division


                                            By:  _____/s/ Sian Jones_____
                                                SIAN JONES, D.C. Bar # 1024062
                                                Assistant United States Attorney
                                                601 D Street, NW
                                                Washington, DC 20530
                                                (202) 252-2578

                                            *Attorneys for the United States of America*