# EXHIBIT 3



# Department of Defense
# INSTRUCTION

**NUMBER** 5200.02
March 21, 2014
Incorporating Change 3, Effective September 24, 2020

USD(I&S)

SUBJECT:   DoD Personnel Security Program (PSP)

References:   See Enclosure 1

1. <u>PURPOSE</u>.  This Instruction:

   a.  Reissues DoD Directive (DoDD) 5200.2 (Reference (a)) as a DoD Instruction (DoDI) in accordance with the authority in DoDD 5143.01 (Reference (b)) to establish policy, assign responsibilities, and prescribe procedures for the DoD PSP consistent with References (c) through (r).

   b.  Incorporates and cancels DoDIs 5210.25 and 5220.28 (References (s) and (t)).

2. <u>APPLICABILITY</u>.  This Instruction applies to OSD, the Military Departments, the Office of the Chairman of the Joint Chiefs of Staff and the Joint Staff, the Combatant Commands, the Office of the Inspector General of the DoD, the Defense Agencies, the DoD Field Activities, and all other organizational entities within the DoD (hereinafter referred to collectively as the "DoD Components").

3. <u>POLICY</u>.  It is DoD policy that:

   a.  The Department shall establish and maintain a uniform DoD PSP to the extent consistent with standards and procedures in References (c) through (r), Intelligence Community Directive (ICD) Number 704 (Reference (u)), and DoDD 5220.6 (Reference (v)).

   b.  DoD PSP policies and procedures shall be aligned using consistent standards to the extent possible; provide for reciprocal recognition of existing investigations and adjudications; be cost-effective, timely, and provide efficient protection of the national interest; and provide fair treatment of those upon whom the Federal Government relies to conduct the Nation's business and protect national security.

c.  Discretionary judgments used to determine eligibility for national security positions are an inherently governmental function and shall be performed by appropriately trained and favorably adjudicated Federal Government personnel or appropriate automated procedures.

d.  No negative inference may be raised solely on the basis of mental health counseling. Such counseling may be a positive factor that, by itself, shall not jeopardize the rendering of eligibility determinations or temporary eligibility for access to national security information. However, mental health counseling, where relevant to adjudication for a national security position, may justify further inquiry to assess risk factors that may be relevant to the DoD PSP.

e.  The DoD shall not discriminate nor may any inference be raised on the basis of race, color, religion, sex, national origin, disability, or sexual orientation.

f.  Discretionary judgments that determine eligibility for national security positions shall be clearly consistent with the national security interests of the United States.  Any doubt shall be resolved in favor of national security.

g.  No person shall be deemed to be eligible for a national security position merely by reason of Federal service or contracting, licensee, certificate holder, or grantee status, or as a matter of right or privilege, or as a result of any particular title, rank, position, or affiliation.

h.  No person shall be appointed or assigned to a national security position when an unfavorable personnel security determination has been rendered.

i.  Eligibility for national security positions shall be granted only to persons who are U.S. citizens for whom the investigative and adjudicative process has been favorably completed. However, based on exceptional circumstances where official functions must be performed prior to completion of the investigative and adjudicative process, temporary eligibility for access to classified information may be granted while the investigation is underway.

j.  As an exception, a non-U.S. citizen who possesses an expertise that cannot be filled by a cleared or clearable U.S. citizen may hold a sensitive position or be granted a limited access authorization to classified information in support of a specific DoD program, project, or contract following a favorable security determination by an authorized adjudication facility.

k.  Information about individuals collected as part of the investigative and adjudicative process shall be managed in accordance with applicable laws and DoD policies, including those related to privacy and confidentiality, security of information, and access to information.

4.  <u>RESPONSIBILITIES</u>.  See Enclosure 2.

5.  <u>PROCEDURES</u>.  See Enclosure 3.

*DoDI 5200.02, March 21, 2014*

6. <u>RELEASABILITY</u>.  **Cleared for public release.**  This instruction is available on the Directives Division Website at https://www.esd.whs.mil/DD/.


7. <u>SUMMARY OF CHANGE 3</u>.  This administrative change updates the title of the Under Secretary of Defense for Intelligence to the Under Secretary of Defense for Intelligence and Security in accordance with Public Law 116-92 (Reference (w)).


8. <u>EFFECTIVE DATE</u>.  This Instruction is effective March 21, 2014.



Michael G. Vickers
Under Secretary of Defense for Intelligence


Enclosures
    1. References
    2. Responsibilities
    3. National Security Positions
Glossary

<u>TABLE OF CONTENTS</u>

ENCLOSURE 1: REFERENCES ................................................................................................5

ENCLOSURE 2: RESPONSIBILITIES ....................................................................................7

    UNDER SECRETARY OF DEFENSE FOR INTELLIGENCE AND SECURITY
        (USD(I&S)) .........................................................................................................................7
    DIRECTOR FOR DEFENSE INTELLIGENCE (INTELLIGENCE AND SECURITY) ........7
    UNDER SECRETARY OF DEFENSE FOR ACQUISITION, TECHNOLOGY, AND
        LOGISTICS (USD(AT&L)) ...............................................................................................8
    UNDER SECRETARY OF DEFENSE FOR POLICY (USD(P)) ...........................................8
    GENERAL COUNSEL OF THE DEPARTMENT OF DEFENSE (GC DoD) .......................8
    HEADS OF THE DoD COMPONENTS .................................................................................8

ENCLOSURE 3: NATIONAL SECURITY POSITIONS ......................................................10

    PROCEDURES........................................................................................................................10
    SENSITIVE COMPARTMENTED INFORMATION (SCI) ELIGIBILITY ........................10
    ADJUDICATION ....................................................................................................................10
    APPEAL PROCEDURES-DENIAL OR REVOCATION OF ELIGIBILITY .....................11
    POLYGRAPH...........................................................................................................................11
    CONTINUOUS EVALUATION.............................................................................................11
    FINANCIAL DISCLOSURE ..................................................................................................11
    RECIPROCAL ACCEPTANCE OF ELIGIBILITY DETERMINATIONS ..........................11
    NATIONAL SECURITY AGENCY (NSA)/CENTRAL SECURITY SERVICE (CSS) ......12
    WOUNDED WARRIOR SECURITY AND INTELLIGENCE INTERNSHIP
        PROGRAM........................................................................................................................12

GLOSSARY ................................................................................................................................17

    PART I: ABBREVIATIONS AND ACRONYMS .................................................................17
    PART II: DEFINITIONS........................................................................................................17

ENCLOSURE 1

REFERENCES

(a)    DoD Directive 5200.2, "DoD Personnel Security Program," April 9, 1999 (hereby cancelled)
(b)    DoD Directive 5143.01, "Under Secretary of Defense for Intelligence and Security (USD(I&S))," October 24, 2014, as amended
(c)    Executive Order 12968, "Access to Classified Information," August 2, 1995, as amended
(d)    Executive Order 10865, "Safeguarding Classified Information within Industry," February 20, 1960, as amended
(e)    Executive Order 13467, "Reforming Processes Related to Suitability for Government Employment, Fitness for Contractor Employees, and Eligibility for Access to Classified National Security Information," June 30, 2008
(f)    Parts 731, 731.101, 732, and 736 of title 5, Code of Federal Regulations
(g)    Executive Order 10450, "Security Requirements for Government Employment," April 27, 1953, as amended
(h)    Executive Order 13526, "Classified National Security Information," December 29, 2009
(i)    Executive Order 12829, "National Industrial Security Program," January 6, 1993, as amended
(j)    Executive Order 13488, "Granting Reciprocity on Excepted Service and Federal Contractor Employee Fitness and Reinvestigating Individuals in Positions of Public Trust," January 16, 2009
(k)    Executive Order 12333, "United States Intelligence Activities," December 4, 1981, as amended
(l)    Sections 301 and 7532 of title 5, United States Code
(m)    Section 1072 of Public Law 110-181, "National Defense Authorization Act for Fiscal Year 2008," January 28, 2008
(n)    Section 3343. of title 50, United States Code
(o)    Title 10, United States Code
(p)    Title 32, Code of Federal Regulations
(q)    Section 278g-3 of title 15, United States Code
(r)    Section 11331 of title 40, United States Code
(s)    DoD Instruction 5210.25, "Assignment of American National Red Cross and United Service Organizations, Inc., Employees to Duty with the Military Services," May 12, 1983 (hereby cancelled)
(t)    DoD Instruction 5220.28, "Application of Special Eligibility and Clearance Requirements in the SIOP-ESI Program for Contractor Employees," March 8, 1978 (hereby cancelled)
(u)    Director of National Intelligence, Intelligence Community Directive Number 704, "Personnel Security Standards and Procedures Governing Eligibility for Access to Sensitive Compartmented Information and Other Controlled Access Program Information," October 2, 2008
(v)    DoD Directive 5220.6, "Defense Industrial Personnel Security Clearance Review Program," January 2, 1992, as amended

(w) Public Law 116-92, "National Defense Authorization Act for Fiscal Year 2020," December 20, 2019

(x) DoD Instruction 3305.13, "DoD Security Education, Training, and Certification" February 13, 2014, as amended

(y) Federal Acquisition Regulation, current edition

(z) Defense Federal Acquisition Regulation, current edition

(aa) DoD Directive 5145.01, "General Counsel of the Department of Defense (GC DoD)," December 2, 2013, as amended

(ab) DoD Manual 5200.02, "Procedures for the DoD Personnel Security Program (PSP)," April 3, 2017

(ac) DoD Manual 5220.22, Volume 2, "National Industrial Security Program: Industrial Security Procedures for Government Activities," August 1, 2018

(ad) DoD 5400.11-R, "DoD Privacy Program," May 14, 2007

(ae) DoD Instruction 5210.91, "Polygraph and Credibility Assessment (PCA) Procedures," August 12, 2010, as amended

(af) DoD Directive 5210.48, "Credibility Assessment (CA) Program," April 24, 2015, as amended

(ag) DoD Directive 5205.07, "Special Access Program (SAP) Policy," July 1, 2010, as amended

(ah) Deputy Under Secretary of Defense for Intelligence and Security Memorandum, "DoD Implementation of Electronic Submission of the Standard SF 714 (SF 714) Financial Disclosure Report," May 11, 2009

(ai) Under Secretary of Defense for Intelligence Memorandum, "Timeline Clarification: Department of Defense implementation of Electronic Submission of the Standard Form 714 Financial Disclosure Report," January 17, 2013

(aj) Office of Management and Budget Memorandum, "Reciprocal Recognition of Existing Personnel Security Clearances," December 12, 2005

(ak) Office of Management and Budget Memorandum M-06-21, "Reciprocal Recognition of Existing Personnel Security Clearances," July 17, 2006

(al) Office of Management and Budget Memorandum, "Reciprocal Recognition of Existing Personnel Security Clearances," November 14, 2007

(am) DoD Instruction 5210.45, "Personnel Security Policies and Procedures for Sensitive Cryptologic Information in the National Security Agency/Central Security Service," November 14, 2008, as amended

*DoDI 5200.02, March 21, 2014*

ENCLOSURE 2

RESPONSIBILITIES

1. UNDER SECRETARY OF DEFENSE FOR INTELLIGENCE AND SECURITY (USD(I&S)). The USD(I&S), pursuant to Reference (b), shall:

    a. Develop, coordinate, and oversee the implementation of policy, programs, and guidance for the DoD PSP.

    b. Issue guidance implementing the policy in this Instruction.


2. DIRECTOR FOR DEFENSE INTELLIGENCE (INTELLIGENCE AND SECURITY) (DDI(I&S)). The DDI(I&S), under the authority, direction, and control of the USD(I&S), shall:

    a. Ensure that the PSP is consistent, cost-effective, efficient, and balances the rights of individuals with the interests of national security.

    b. Develop and publish revisions in accordance with Reference (v).

    c. Approve, coordinate, and oversee all DoD personnel security research initiatives and activities to improve the efficiency, effectiveness, and fairness of the DoD PSP.

    d. Ensure that the Defense Security Service (DSS) provides education, training, and awareness support to the DoD PSP in accordance with DoDI 3305.13 (Reference (x)).

    e. Serve as the primary contact between the DoD, the Red Cross, United Service Organizations, and other organizations with direct DoD affiliation for all matters relating to the DoD PSP.

    f. When appropriate, approve requests for exceptions to the DoD PSP relating to national security eligibility requirements for access to classified information except North Atlantic Treaty Organization (NATO) classified information. Requests for exceptions involving access to NATO classified information shall be sent to the Office of the Under Secretary of Defense for Policy.

    g. Develop guidance, interpretation, and clarification regarding the DoD PSP as needed.

    h. Conduct oversight inspections of the DoD Components for implementation and compliance with DoD personnel security policy and operating procedures.

    i. In furtherance of coordinated Government-wide initiatives under Reference (e), develop a framework setting forth an overarching strategy identifying goals, performance measures, roles

*DoDI 5200.02, March 21, 2014*

and responsibilities, a communications strategy, and metrics to measure the quality of security clearance investigations and adjudications to ensure a sound DoD PSP that will continue to meet the needs of DoD.

3.  UNDER SECRETARY OF DEFENSE FOR ACQUISITION, TECHNOLOGY, AND LOGISTICS (USD(AT&L)).  The USD(AT&L) shall:

   a.  Establish acquisition policy, procedures, and guidance, in coordination with the USD(I&S) that facilitate DoD Component compliance with the DoD PSP.

   b.  Establish regulatory requirements within the Federal Acquisition Regulation and Defense Federal Acquisition Regulation (References (y) and (z)) for contracts and agreements that require non-DoD personnel to adhere to personnel security procedures in the performance of a contract or agreement.

4.  UNDER SECRETARY OF DEFENSE FOR POLICY (USD(P)).  The USD(P) is the approval authority for requests for exceptions to the DoD PSP involving access to NATO classified information.

5.  GENERAL COUNSEL OF THE DEPARTMENT OF DEFENSE (GC DoD).  The GC DoD shall:

   a.  Provide advice and guidance as to the legal sufficiency of procedures and standards involved in implementing the DoD PSP and exercise oversight of the established administrative due process procedures of the DoD PSP.

   b.  Perform functions relating to the DoD PSP in accordance with Reference (v) and DoDD 5145.01 (Reference (aa)), including the maintenance and oversight of the Defense Office of Hearings and Appeals (DOHA).

6.  HEADS OF THE DoD COMPONENTS.  The Heads of the DoD Components shall:

   a.  Designate a senior agency official, consistent with the provisions of Executive Order (E.O.) 12968, as amended (Reference (c)), who shall direct and administer the DoD PSP consistent with this Instruction.

   b.  Provide funding to cover Component requirements for PSIs, adjudication, and recording of results to comply with the DoD PSP.

   c.  Enforce requirements for prompt reporting of significant derogatory information, unfavorable administrative actions, and adverse actions to the appropriate personnel security,

human resources, and counterintelligence official(s), as appropriate, within their respective Component.

d.  Perform functions relating to the DoD Security Professional Education Development Program to ensure the security workforce in their respective Component has the knowledge and skills required to perform security functional tasks.

e.  Provide requested information and recommendations, as appropriate, on any aspect of this Instruction and the DoD PSP to the USD(I&S).

f.  Enforce the requirement that DoD personnel security adjudication system(s) of record, within their respective Components, shall only be used as a personnel security system of record and shall not be used as a pre-hiring screening tool.

ENCLOSURE 3

NATIONAL SECURITY POSITIONS

1. <u>PROCEDURES</u>.  The objective of the PSP is to ensure persons deemed eligible for national security positions remain reliable and trustworthy.

    a.  Duties considered sensitive and critical to national security do not always involve classified activities or classified matters.  Personnel security procedures for national security positions are set forth in Reference (c), E.O. 10865 (Reference (d)), References (u), (v), DoD Manual (DoDM) 5200.02 (Reference (ab)), or DoDM 5220.22, Volume 2 (Reference (ac)).  The specific procedures applicable in each case type are set forth in DoD issuances.

    b.  Employees with access to automated systems that contain active duty, guard, or military reservists' personally identifiable information or information pertaining to Service members that are otherwise protected from disclosure by DoD 5400.11-R (Reference (ad)), may be designated as national security positions within DoD, where such access has the potential to cause serious damage to national security.

2. <u>SENSITIVE COMPARTMENTED INFORMATION (SCI) ELIGIBILITY</u>.  Investigative and adjudicative requirements for SCI eligibility shall be executed in accordance with this Instruction and Reference (u).

3. <u>ADJUDICATION</u>

    a.  Personnel security criteria and adjudicative standards are described in References (c), (u), (v), (ab), and (ac) in accordance with Adjudicative Guidelines For Determining Eligibility For Access to Classified Information and other types of protected information or assignment to national security positions.  Adjudications of eligibility for national security positions, regardless of whether they involve access to classified information, must be made in accordance with the Adjudicative Guidelines For Determining Eligibility For Access to Classified Information.

    b.  When an unfavorable personnel security determination is rendered:

        (1)  Individuals cannot be appointed or assigned to national security positions.

        (2)  An individual currently occupying a national security position will be immediately removed from the national security position and placed, in accordance with agency policy, in an existing non-sensitive position if available.  Placement in a non-sensitive position requires compliance with employment suitability standards.  The national security position is not to be modified or a new position created to circumvent an unfavorable personnel security determination.  The individual is to be placed in an appropriate status, in accordance with agency policy, until a final security determination is made.  A final security determination is the

granting, denial or revocation by an appropriate central adjudications facility or an appeal board decision, whichever is later.

   c.  To ensure consistency and quality in determinations of eligibility for national security positions, adjudicators must successfully complete the full program of professional training provided by the DSS Center for Development of Security Excellence (or equivalent training) and be certified through the DoD Professional Certification Program for Adjudicators within 2 years of program implementation or, for new hires, within 2 years of eligibility for certification testing.

4.  <u>APPEAL PROCEDURES-DENIAL OR REVOCATION OF ELIGIBILITY</u>.  Individuals may elect to appeal unfavorable personnel security determinations in accordance with the procedures set forth in References (c), (u), (v), (ab),  (ac), and (ad), as applicable, or as otherwise authorized by law.

5.  <u>POLYGRAPH</u>.  Under certain conditions, DoD Components are authorized to use polygraph examinations to resolve credible derogatory information developed in connection with a personnel security investigation; to aid in the related adjudication; or to facilitate classified access decisions.  The conditions, requirements, and limitations associated with polygraph use are prescribed in DoDI 5210.91, DoDD 5210.48, and DoDD 5205.07 (References (ae) through (ag)).

6.  <u>CONTINUOUS EVALUATION</u>.  All personnel in national security positions shall be subject to continuous evaluation.

7.  <u>FINANCIAL DISCLOSURE</u>.  DoD Components shall implement the annual financial disclosure requirement in accordance with Reference (c), DUSD(I&S) Memorandum (Reference (ah)), and Under Secretary of Defense for Intelligence Memorandum (Reference (ai)).

8.  <u>RECIPROCAL ACCEPTANCE OF ELIGIBILITY DETERMINATIONS</u>

   a.  DoD reciprocally accepts existing national security eligibility determinations or clearances from other Government agencies in accordance with E.O. 13467 (Reference (e)), part 731 of title 5, Code of Federal Regulations (Reference (f)), and Office of Management and Budget Memorandums (References (aj), (ak), and (al)).

   b.  Reciprocity for SCI eligibility shall be executed in accordance with Reference (u) and associated Director of National Intelligence guidance.

   c.  Personnel who have been determined eligible for national security positions should not be subjected to additional security reviews, completion of a new security questionnaire, or initiation of a new investigative check, unless credible derogatory information that was not previously

adjudicated becomes known, or the previous adjudication was granted by a condition, deviation, or waiver pursuant the provisions of Reference (aj), or there has been a break in service of more than 24 months.  Exceptions for access to SCI or special access programs are listed in Reference (ak).

9.  <u>NATIONAL SECURITY AGENCY (NSA)/CENTRAL SECURITY SERVICE (CSS)</u>. Employees, contractors, military assignees, and others with similar affiliations with the NSA/CSS must maintain SCI eligibility for access to sensitive cryptologic information in accordance with DoDI 5210.45 (Reference (am)).

10.  <u>WOUNDED WARRIOR SECURITY AND INTELLIGENCE INTERNSHIP PROGRAM</u>. PSIs in support of wounded warriors may be submitted and processed regardless of the time remaining in military service.  Investigations will be accelerated through a special program code established by the Office of the USD(I&S) to ensure expedited service by the investigating and adjudicating agencies.

   a.  Category 2 wounded, ill, or injured uniformed service personnel who expect to be separated with a medical disability rating of 30 percent or greater may submit a PSI for Top Secret clearance with SCI eligibility prior to medical separation provided they are serving in or have been nominated for a wounded warrior internship program.

   b.  The investigations will be funded by the DoD Component that is offering the internship. If the DoD Component does not have funds available, the Military Service in which the uniform service personnel served may choose to fund the investigation.

<u>GLOSSARY</u>

<u>PART I</u>.  <u>ABBREVIATIONS AND ACRONYMS</u>

| | |
|---|---|
| DoDD | DoD directive |
| DoDI | DoD instruction |
| DoDM | DoD manual |
| DOHA | Defense Office of Hearings and Appeals |
| DSS | Defense Security Service |
| DDI(I&S) | Director for Defense Intelligence (Intelligence and Security) |
| | |
| GC DoD | General Counsel of the Department of Defense |
| | |
| ICD | Intelligence Community Directive |
| | |
| | |
| NATO | North Atlantic Treaty Organization |
| NSA/CSS | National Security Agency/Central Security Service |
| | |
| | |
| PSI | personnel security investigation |
| PSP | Personnel Security Program |
| | |
| SCI | sensitive compartmented information |
| | |
| USD(AT&L) | Under Secretary of Defense for Acquisition, Technology, and Logistics |
| USD(I&S) | Under Secretary of Defense for Intelligence and Security |
| USD(P) | Under Secretary of Defense for Policy |

<u>PART II</u>.  <u>DEFINITIONS</u>

Unless otherwise noted, these terms and their definitions are for the purpose of this Instruction.

<u>continuous evaluation</u>.  Defined in section 1.3(d) of Reference (e).

<u>contractor</u>.  Defined in Reference (e).

<u>employee</u>.  Defined in Reference (c).

<u>limited access authorization</u>.  Defined in Reference (ab).

<u>national security position</u>.  Any position in a department or agency, the occupant of which could bring about, by virtue of the nature of the position, a material adverse effect on the national

security.  Such positions include those requiring eligibility for access to classified information. Other such positions include, but are not limited to, those whose duties include: protecting the nation, its citizens and residents from acts of terrorism, espionage, or foreign aggression, including those positions where the occupant's duties involve protecting the nation's borders, ports, critical infrastructure or key resources, and where the occupant's neglect, action, or inaction could bring about a material adverse effect on the national security; developing defense plans or policies; planning or conducting intelligence or counterintelligence activities, counterterrorism activities and related activities concerned with the preservation of the military strength of the United States; protecting or controlling access to facilities or information systems where the occupant's neglect, action, or inaction could bring about a material adverse effect on the national security; controlling, maintaining custody, safeguarding, or disposing of hazardous materials, arms, ammunition or explosives, where the occupant's neglect, action, or inaction could bring about a material adverse effect on the national security; exercising investigative or adjudicative duties related to national security, suitability, fitness or identity credentialing, where the occupant's neglect, action, or inaction could bring about a material adverse effect on the national security; exercising duties related to criminal justice, public safety or law enforcement, where the occupant's neglect, action, or inaction could bring about a material adverse effect on the national security; or conducting investigations or audits related to the functions described above as "other such positions," where the occupant's neglect, action, or inaction could bring about a material adverse effect on the national security.  The requirements of this definition apply to positions in the competitive service, positions in the excepted service where the incumbent can be noncompetitively converted to the competitive service, and career appointments in the Senior Executive Service within the executive branch.  Departments and agencies may apply the requirements of this definition to other excepted service positions within the executive branch and contractor positions, to the extent consistent with law.