# EXHIBIT 7



TRANSMITTED VIA EMAIL                                              January 21, 2022
kel@nationalsecuritylaw.org

Mr. Kel McClanahan, Esq.
Executive Director
National Security Counselors

Re:    FOIA Request No. FP-00020-20
       Second Interim Response

Dear Mr. McClanahan:

    The U. S. Agency for International Development (USAID) regrets the delay in responding to your Freedom of Information Act (FOIA) request.  Unfortunately, USAID is experiencing a backlog of FOIA requests.  Please know that USAID management is very committed to providing responses to FOIA requests and remedying the FOIA backlog.

    This is the second interim response to your July 9, 2020, FOIA request on behalf of your client, Mark Moyar to USAID. You requested the following:

    1)  all information maintained by the Security Office pertaining to him. This includes all information in his "security file" as well as all correspondence--including email--to or from that office mentioning his name or a case associated with him.
    2)  all email correspondence sent or received by the Office of the Administrator mentioning his name, but not sent or received by Dr. Moyar
    3)  all email correspondence exchanged with the White House Presidential Personnel Office by the office responsible for corresponding with that office about political appointees (if not the Office of the Administrator), but not sent or received by Dr. Moyar.
The Search Range is 7/1/18 through 7/9/2020.

    For your information, Congress excluded three (3) discrete categories of law enforcement and national security records from the FOIA.  See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010)).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all of our requesters and should not be construed as an indication that excluded records do, or do not, exist.

    The Office of Security suitability investigation (security file) you seek is covered by USAID System of Records Notice, USAID-08 Personnel Security and Suitability Investigative Records, and is exempt from disclosure under exemption (k)(5) of the Privacy Act of 1974, 5 U.S.C. 552a. Therefore, in order to provide you with the maximum amount of information, your request was processed under the FOIA, Title 5 U.S.C. 552, as it will allow you partial access to the information you seek.

USAID conducted a comprehensive search of the Office of Security (SEC) for documents responsive to your request. The search produced a total of 182 pages. Of those pages, we have determined that 57 pages records of the records are releasable in their entirety and 76 pages are partially releasable pursuant to Title 5 U.S.C. § 552 (b)(3), (b)(6), and (b)(7)(C). Forty-Eight pages were referred to the Department of Defense and 1 page was referred to the Federal Bureau of Investigation.

FOIA Exemption 3 protects information specifically exempted from disclosure by another statute, if the statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) established particular criteria for withholding or refers to particular types of matters to be withheld. The applicable statute is the Critical Infrastructure Information Act of 2002, Section 133 of Title 6, United States Code, which exempts from disclosure information that pertains to actual, potential, or threatened interference with, attack on, compromise of, or incapacitation of critical infrastructure or protected systems by either physical or computer-based attack or other similar conduct (including the misuse of or unauthorized access to all types of communications and data transmission systems) that violates federal, state, or local law, harms interstate commerce of the United States, or threatens public health or safety.

FOIA Exemption 5 protects from disclosure those inter- or intra-agency documents that are normally privileged in the civil discovery context. The three most frequently invoked privileges are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege. After carefully reviewing the responsive documents, we determined that portions of the responsive documents qualify for protection under the following privilege(s):

- Deliberative Process Privilege

The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The purpose of the privilege is to prevent injury to the quality of agency decisions by (1) encouraging frank and open discussions on matters of policy between subordinates and superiors; (2) protecting against premature disclosure of proposed policies before final adoption; and (3) protecting against public confusion that might result from disclosures of reasons and rationales that were not in fact ultimately the grounds for an agency's actions. In this instance, we withheld guidance and instructions pertaining to the investigation.

- Attorney Work-Product Privilege

The attorney work-product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. • Attorney-Client Privilege
The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information. The attorney-client privilege is not limited to the context of litigation.

We have determined that none of the information being withheld per FOIA Exemption 5 is appropriate for discretionary disclosure.

FOIA Exemption 6 exempts from disclosure information about individuals in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test. Within the records, we withheld phone numbers, and email and home addresses.

FOIA Exemption 7(C) protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged [wrongdoing/criminal activity]. That interest extends to persons who are not only the subjects of the investigation, but also to those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. As such, we have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

If you require any further assistance or would like to discuss any aspect of your request, you may contact Jalissa Spence, the assigned FOIA Specialist via email at jaspence@usaid.gov. You may also contact USAID's FOIA Public Liaison, Christopher Colbow, at foia@usaid.gov.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services offered:

> Office of Government Information Services
> National Records and Archives Administration
> 8601 Adelphi Road-OGIS
> College Park, Maryland 20740-6001
> E-mail: ogis@nara.gov
> Telephone: (202) 741-5770; toll free at 1-877-684-6448
> Fax: (202) 741-5769

You have the right to appeal this second interim response. Your appeal must be received by USAID no later than 90 days from the date of this letter. To protect its workforce from COVID-19, USAID is implementing maximum telework. Our FOIA professionals are therefore working from home and do not have access to postal mail and fax machine. Accordingly, if you would like to appeal this disclosure determination, please send your appeal to foia@usaid.gov, and address it to the Deputy Director of the Bureau for Management, Office of Management Services. In addition, please include your tracking number FP-00020-20 second interim response in your email.

Please be advised that information originating with DoD and FBI has been referred to them for review and direct response to you. If you wish to contact them in the meantime, you may contact them in writing at the addresses below:

> Ms. Stephanie Carr
> Chief
> Department of Defense
> Office of the Secretary/Joint Staff
> FOIA Requester Service Center
> 1155 Defense Pentagon
> Washington, DC 20301-1155
>
> Michael G. Seidel, Section Chief
> Record/Information Dissemination Section
> Records Management Division
> Federal Bureau of Investigations
> Department of Justice
> 200 Constitution Drive
> Winchester, VA 22602

Please be advised that this is not our final response as we are still awaiting further records from the respective program. The records will be assessed and processed upon receipt.

. Thank you for your interest in USAID and continued patience.

> Sincerely,
>
> Antionette M Robertson (affiliate)
> Digitally signed by Antionette M Robertson (affiliate)
> Date: 2022.01.21 19:19:37 -05'00'
>
> Christopher Colbow, Chief
> FOIA Public Liaison
> FOIA Officer/Agency Records Officer
> Bureau for Management
> Office of Management Services
> Information and Records Division

Enclosures: Responsive Records (133 pages)